IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DWAYNE JONES, | § | |
| | § | No. 436, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1310016210 and |
| Plaintiff Below- | § | 1311009871 |
| Appellee. | § | |

Submitted: December 29, 2015
Decided: February 11, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 11th day of February 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Dwayne Jones, filed this appeal from the Superior Court's denial of his motion for sentence modification.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Jones' opening brief that his appeal is without merit. We agree and affirm.

(2)    On March 6, 2015, Jones resolved two pending criminal cases by pleading guilty to Aggravated Menacing, Assault in the Third Degree,

and Terroristic Threatening. After a presentence investigation, the Superior Court sentenced Jones on April 24, 2015 to a total period of seven years at Level V incarceration, to be suspended after serving three years in prison for four years at Level III probation. The Superior Court ordered that Jones' prison sentence be served without benefit of any early release under 11 *Del. C.* § 4204(k).[1] In imposing sentence, the Superior Court noted several aggravating factors, namely that Jones was on parole for an armed robbery in Maryland for which he had served ten years in prison when he committed his latest violent criminal offenses. Although Jones denied it, the Superior Court found that he was armed at the time. Given his criminal history, the Superior Court concluded that Jones had exhibited a lack of amenability to lesser sanctions.

(3) Jones' counsel filed a motion for modification of sentence on July 21, 2015. Jones argued that the Superior Court's divergence from the SENTAC sentencing guidelines was unreasonable under the circumstances and that imposing sentence without any benefit of early release under § 4204(k) served no rational purpose. The Superior Court denied Jones'

---

[1] 11 *Del. C.* § 4204(k)(1) (2015) provides in relevant part that the Superior Court, as a condition of a defendant's sentence, may direct that "all or a specified portion of said sentence shall be served without benefit of any form of early release, good time, furlough, work release, supervised custody or any other form of reduction or diminution of sentence."

motion, holding that the sentence it imposed was reasonable based upon Jones' conduct in the present case and in light of Jones' criminal history. The court noted that it had crafted the sentence to incarcerate Jones for a specific period of time and to require Jones to serve four years of additional probation.

(4)    Jones' sole argument on appeal is that the Superior Court abused its discretion in summarily denying his motion for sentence modification without supplying any reasons for its refusal to eliminate the § 4204(k) restriction on his sentence.

(5)    We review the Superior Court's denial of a sentence modification motion for abuse of discretion.[2]  Under this highly deferential standard, the question is whether the trial court acted within "a zone of reasonableness."[3]

(6)    After careful consideration, we find no merit to Jones' appeal. Although it did not specifically cite to § 4204(k) in its July 23, 2015 order, the Superior Court clearly set forth its rationale for denying Jones' motion. Specifically, the court noted that it had crafted Jones' sentence to require him to serve a specific amount of time in prison because of Jones' prior violent criminal history and his continuing violent criminal conduct.  Under

[2] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).
[3] *Id*. at 977 (*quoting State v. Lewis*, 797 A.2d 1198, 1202 (Del. 2002)).

the circumstances, we find that the Superior Court acted within "a zone of reasonableness"[4] and did not abuse its discretion in denying Jones' motion for sentence modification.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[4] *Id.*