# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 1409003516 |
| | ) | 1402013432 |
| CARLTON V. KILSON, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: February 12, 2016
Date Decided: April 13, 2016
**Revised: April 14, 2016**[1]

## ORDER DENYING CARLTON KILSON'S MOTION TO MODIFY SENTENCE UNDER SUPERIOR COURT CRIMINAL RULE 35(b)

This 13th day of April, 2016, upon consideration of the Motion for Sentence Modification (the "Motion") filed by Carlton V. Kilson, Jr., the record in this matter, and the applicable legal authority, including Rule 35 of the Superior Court Rules of Criminal Procedure ("Rule 35"), it appears to the Court that:

1. Carlton V. Kilson pleaded guilty on February 9, 2015 to Robbery Second Degree and three misdemeanor charges. At sentencing on September 18, 2015, the Court sentenced Kilson on the robbery charge to three years at Level V, suspended after one year and six months for one year and six months at Level IV, suspended after six months for one year at Level III.[2] For each of the three

---

[1] Revised to add only the second C.R.A #1402013432.
[2] *State v. Kilson*, ID No. 1409003516 at 1-2 (Del. Super. Sept. 18, 2015) (ORDER) (Sentencing).

1

misdemeanors, Kilson received a sentence of 12 months at Level V, suspended for 12 months at Level III. All the Level III probation was to run concurrent with the charges in the case and with a sentence of probation imposed on Kilson in a previous matter.[3] The Court did not designate what type of Level IV time Kilson was to serve, but instead left that determination to the discretion of the Department of Correction ("DOC"). The sentencing order specifies that Kilson is to be held at Level V until space is available at Level IV.

2. Kilson previously filed a Rule 35 motion to receive credit for time served. This Court granted that motion on February 5, 2016, giving Kilson 57 days credit for time he served after he was arrested on the robbery charge.[4]

3. In his present Motion, Kilson argues his sentence should be modified to require DOC to release him to Level IV home confinement, rather than leaving to the discretion of DOC how Kilson should serve his Level IV time. Kilson argues that "DOC [has] denied [him] of [his] [Level IV] work release."[5] Kilson does not elaborate further on how he has been "denied" work release. He nevertheless urges the Court to specify that the Level IV sentence should be served

---

[3] *Id.* at 2, 3. At the time of sentencing, Kilson also was serving probation in ID No. 1402013432.
[4] *State v. Kilson*, ID No. 1409003516 (Del. Super. Feb. 5, 2016) (ORDER) (Motion for Credit Time).
[5] "Motion for Level-4-Home Confinement" at 2.

as home confinement because Kilson "really would like that transition through home confinement back to civil [society]."[6]

4.  Before considering the merits of a motion filed under Rule 35, the Court must determine whether the motion satisfies the rule's procedural requirements. Under Rule 35(b), the Court may reduce a sentence of *imprisonment* on a motion made within 90 days after the sentence is imposed.[7] Kilson's motion to modify the terms of his partial confinement, however, is not subject to the 90 day limitation applicable to a motion to reduce a term of imprisonment.[8] Kilson's motion therefore is consistent with Rule 35's procedural requirements. The merits of Kilson's motion, however, do not justify modification of the sentence. Kilson argues he has been "denied" Level IV work release, without explaining how or why that form of partial confinement has been denied. In fact, it appears Kilson has not yet served the Level V time to which he was sentenced, and there is nothing in the record to indicate DOC has refused to consider work release – or any other type of Level IV partial confinement – for Kilson at the appropriate time. More fundamentally, Kilson has not explained why this Court should override the discretion of DOC in determining what form of partial confinement is best suited for Kilson. Assuming for the sake of argument that DOC has refused to allow

---

[6] Motion at 2.
[7] Super. Ct. Crim. R. 35(b).
[8] *Benge v. State*, 101 A.3d 973, 977 (Del. 2014).

3

Kilson to serve his Level IV time in home confinement, such a determination is well within the discretion of DOC given the facts of record in this case. Kilson has not been successful in previous sentences involving community-based supervision; he committed the robbery and misdemeanors for which he is currently sentenced while awaiting sentencing on earlier charges and was again arrested while awaiting sentencing on the robbery and misdemeanor charges. In short, if DOC has determined that Kilson is not an appropriate candidate for Level IV home confinement, Kilson offers nothing to indicate that DOC's conclusion is mistaken or that changed circumstances justify the Court revisiting its earlier decision leaving the Level IV determination to DOC.

For the foregoing reasons, it is hereby **ORDERED** that Kilson's Motion for Sentence Modification is **DENIED.**

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Julie A. Finocchiaro, Deputy Attorney General
       Investigative Services Office
       Mr. Carlton V. Kilson (SBI No. 00543759), *pro se*