# IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARCO ORTIZ-BEDOLLA, § 
§ No. 159, 2019
Defendant Below– §
Appellant, §
§
v. § Court Below–Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID No. 1704007429
Plaintiff Below– §
Appellee. §

Submitted: May 30, 2019
Decided: July 17, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices

## **ORDER**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) Marco Ortiz-Bedolla filed this appeal from the Superior Court's denial of his motion for modification of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of the opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Ortiz-Bedolla pled guilty in September 2017 to two charges of second degree burglary and one charge of second degree conspiracy. In exchange for his plea, the State entered a nolle prosequi on forty-five other charges pending against Ortiz-Bedolla. The Superior Court immediately sentenced

Ortiz-Bedolla as follows: (i) for second degree burglary, to 8 years of Level V incarceration with credit for time served, suspended after 1 year and upon the successful completion of the Key Program for 1 year of residential substance abuse treatment, suspended upon successful completion for 1 year of Level III probation; (ii) for second degree burglary, to 8 years of Level V incarceration, suspended after 1 year for Level III probation; and (iii) for second degree conspiracy, to 2 years of Level V incarceration, suspended for 1 year of Level III probation. Ortiz-Bedolla did not appeal.

(3) On February 13, 2019, Ortiz-Bedolla filed a motion for modification of sentence under Superior Court Criminal Rule 35(b), requesting that the Superior Court permit him to complete a drug treatment program while on probation instead of while incarcerated. He stated that completion of the court-ordered drug treatment program was not possible "with Delaware prisons [sic] current issues" and that he was running out of time to start and complete the court-ordered drug treatment program without "doing more time." On February 28, 2019, Ortiz-Bedolla supplemented his motion to modify with a letter advising the court that he wished to be released to care for his brother. On March 27, 2019, the Superior Court denied the Rule 35(b) motion, finding Ortiz-Bedolla was sentenced under the provisions of a plea agreement that had been negotiated between the State and the defense, the

motion was untimely, and there were no extraordinary circumstances to warrant the modification of his sentence. This appeal followed.

(4)    In his opening brief, Ortiz-Bedolla argues for the first time that the phrase "extraordinary circumstances" is impermissibly vague, claims the requirement that he complete the Key Program "irreparably and unnecessarily" prolongs the term of incarceration to which he was sentenced, and alleges he was personally assured by the Superior Court that his motion to modify would be granted. For the following reasons, we find Ortiz-Bedolla's claims to be without merit.

(5)    Rule 35(b) provides that a court may reduce a sentence of imprisonment on a motion made within ninety days of sentencing.[1] A court may consider a motion for reduction of sentence made more than ninety days after the imposition of a sentence in "extraordinary circumstances."[2] We review the Superior Court's denial of a motion for modification of sentence under Rule 35(b) for abuse of discretion.[3] This standard is highly deferential.[4]

(6)    As a preliminary matter, because Ortiz-Bedolla did not present his argument that the term "extraordinary circumstances" is unconstitutionally vague to

---

[1] Super. Ct. Cr. R. 35(b).
[2] *Id.*
[3] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).
[4] *Id.* at 977.

the Superior Court, this Court will not entertain it.[5] In any event, Ortiz-Bedolla's claim is without merit. The doctrine of unconstitutional vagueness applies to statutes that proscribe criminal activity.[6] Rule 35(b) does not criminalize any activity; it merely establishes a mechanism whereby a defendant may seek relief from a previously imposed sentence.[7] Accordingly, the rule does not implicate the doctrine of unconstitutional vagueness. Finally, within the context of a rule providing an equitable safety valve, the term extraordinary circumstances is not vague, it refers to an unusual and compelling set of conditions that the trial court reasonably deems sufficient to amend a sentence.

(7) Ortiz-Bedolla next asserts that he will be unable to complete the Key Program without serving additional Level V time. Ortiz-Bedolla has provided no factual support for this contention. In any event, Ortiz-Bedolla fails to understand that the Key Program is not a mandatory part of his sentence but, rather, a pre-requisite for the possibility of reduced levels of supervision.[8] If he fails to complete the program, the only consequence is that he will have to serve the full original sentence of eight years in prison and he will not benefit from progressively reduced

---

[5] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").
[6] *Sanders v. State*, 585 A.2d 117, 127 (Del. 1990).
[7] *See State v. Lewis*, 797 A.2d 1198, 1201 (Del. 20002) (A Rule 35(b) motion is directed to the Superior Court's discretion and is "essentially a plea for leniency.").
[8] *Phillips v. Kearney*, 2003 WL 2004392, at *7 (D. Del. Apr. 21, 2003).

levels of supervision.[9] The maximum term of Ortiz-Bedolla's sentence is not contingent upon his completion of the Key Program, only the level of supervision at which he serves that term.[10] Accordingly, Ortiz-Bedolla's claim affects a condition of imprisonment but not its length or validity.[11] That said, we do understand Ortiz-Bedolla's frustration. The sentence he received gave him hope that he would serve much less Level V time if the Department of Correction had the resources to execute the very specific condition the Superior Court imposed, a condition that did not give the Department of Correction discretion to address Ortiz-Bedolla's substance abuse issues by alternative approaches and thereby offer him the same chance for less Level V time. But, the Superior Court was within its discretion to craft the sentence as it did and Ortiz-Bedolla's understandable frustration provides us with no basis to reverse.

(8) Finally, Ortiz-Bedolla suggests that the Superior Court indicated to him during a February 19, 2019 restitution hearing—held after Ortiz-Bedolla filed his initial motion for modification of sentence on February 13, 2019—that his motion for modification would be granted. This Court is unable to review this claim because Ortiz-Bedolla failed to order the transcript of the restitution hearing. As this Court has held many times, it is the appellant's obligation to provide those portions of the

---

[9] *Id.*, at *8.
[10] *Id.*
[11] *Id.*

record necessary to give the Court a fair and accurate account of the context in which the alleged errors arose.[12] There is no record on appeal showing that the Superior Court made any representation whatsoever to Ortiz-Bedolla about the status of his then-pending Rule 35(b) motion. Ortiz-Bedolla's failure to request and include adequate transcripts of the proceedings, as required by the rules of the Court, precludes appellate review of this questionable claim of error.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[12] *Trioche v. State*, 525 A.2d 151, 154 (Del. 1987).