IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN H. BENGE, JR., | § | |
| | § | |
| Defendant-Below, | § | |
| Appellant, | § | |
| | § | Nos. 239, 2014 |
| v. | § | & 283, 2014 |
| | § | Consolidated |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: September 12, 2014
Decided: September 22, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA** Justices.

Upon appeal from the Superior Court.

Mr. John H. Benge, Jr., Pro Se, Georgetown, Delaware.

Kathryn J. Garrison, Esquire, Deputy Attorney General, Georgetown, Delaware, for Appellee.

**HOLLAND**, Justice

On May 9, 2014, the defendant-appellant, John H. Benge, Jr., filed an appeal from the New Castle County Superior Court's January 16, 2014 order denying his Motion for Modification of Probation and April 9, 2014 order denying his Motion for Reargument. This appeal was assigned No. 239, 2014. On May 29, 2014, Benge filed an appeal from the Sussex County Superior Court's February 14, 2014 order denying his Motion for Modification of Probation and April 29, 2014, order denying his Motion for Reargument. This appeal was assigned No. 283, 2014. After Benge filed his opening briefs in both appeals, the State filed a Motion to Consolidate appeal No. 239, 2014 and appeal No. 283, 2014. This Court granted the Motion to Consolidate on July 15, 2014.

On August 27, 2014, Benge filed a Motion for Expedited Further Proceedings. Based on his calculations, he claimed that his probation had ended on May 9, 2014, except for Level I Restitution Only probation, and yet he remained subject to the conditions of Level III probation. The State did not oppose the motion because briefing had already been completed. In light of the completion of briefing and submission of the matter for decision as of September 12, 2014, this Court held that the Motion for Expedited Further Proceedings was moot.

On appeal, Benge argues that the two Superior Court judges erred in denying his motions to reduce the level of his supervision from Level III to Level I and that

the length of his probation has been calculated incorrectly. Upon consideration of the briefs of the parties, including the permissive writing submitted by Benge on September 16, 2014,[1] and the record below, we have concluded that the judgments of the Superior Court must be affirmed.

### *Convictions and Sentences*

The record reflects that a Sussex County grand jury indicted Benge for offenses arising from an October 2002 assault on his former wife and shooting of her friend ("Sussex County Case A"). Three charges were later severed from the indictment and brought in another case ("Sussex County Case B"). In February 2003, a New Castle County grand jury indicted Benge for offenses arising from his installation of a recording device in his former wife's residence ("New Castle County Case").

After a trial in Sussex County Case A, Benge was found guilty of Assault in the Second Degree, Criminal Trespass in the First Degree, and Offensive Touching. Benge was sentenced as follows: (i) for Assault in the Second Degree, eight years of Level V incarceration with credit for 356 days previously served, followed by six months of Level IV work release; (ii) for Criminal Trespass in the First Degree, one year of Level V incarceration; and (iii) for Offensive Touching,

---

[1] Supr. Ct. R. 15(a)(vi) (providing that "[a] party may, by letter to the Clerk, bring to the Court's attention pertinent cases decided after a party's final brief is filed or after the case is under submission for decision").

thirty days of Level V incarceration.  This Court affirmed the judgment on direct appeal.[2]

On January 13, 2004, Benge pled guilty in the New Castle County Case to three counts of Unlawful Interception of Communications, two counts of Burglary in the Third Degree, and one count of Attempted Unlawful Interception of Communications.  Benge was sentenced as follows: (i) for the first count of Unlawful Interception of Communications, five years of Level V incarceration suspended after three years for one year of Level III probation; (ii) for each of the counts of Burglary in the Third Degree, three years of Level V incarceration suspended immediately for one year of Level II probation; (iii) for each of the remaining counts of Unlawful Interception of Communications, one year of Level V incarceration suspended immediately for one year of Level II probation; and (iv) for Attempted Unlawful Interception of Communications, one year of Level V incarceration suspended immediately for one year of Level II probation.  The sentencing order provided that the Level II and Level III probation was concurrent to the Level III probation imposed in Sussex County Case B.  This Court affirmed the judgment on direct appeal.[3]

---

[2] *Benge v. State*, 2004 WL 2742314 (Del. Nov. 15, 2004).

[3] *Benge v. State*, 2004 WL 2743431 (Del. Nov. 12, 2004).

4

On January 20, 2004, Benge pled guilty to Possession of a Deadly Weapon by a Person Prohibited and two counts of Criminal Contempt (based on violation of a Family Court protection from abuse order) in Sussex County Case B. Benge was sentenced as follows: (i) for Possession of a Deadly Weapon by a Person Prohibited, two years of Level V incarceration, suspended after six months for eighteen months Level III probation; and (ii) for each count of Criminal Contempt, fifteen days of Level V incarceration. The original sentencing order provided that the Level III probation was to be consecutive. Benge did not appeal these convictions. After Benge filed a Motion for Correction of Sentence and two Motions for Reargument, the probation imposed in Sussex County Case B was modified to one year of Level III probation to run concurrently, not consecutively as the State contends, with the Level IV work release imposed in Sussex County Case A.

### *New Castle County Modification Motion*

On December 3, 2013, Benge filed a Motion for Modification of Probation in the New Castle County Case. Benge sought reduction of the level of supervision from Level III to Level I. The Superior Court denied the Motion for Modification of Probation. The Superior Court noted that the Department of Correction's ("DOC") authority to handle the flow of offenders between levels of probation had been expanded, the DOC had specific guidelines and protocols for

5

the flow of offenders between levels of probation, and that Benge had not claimed that anything went wrong with the DOC's probation processes. Under the circumstances, the Superior Court concluded that the DOC was in a better position to determine whether reduction of Benge's supervision level was appropriate and that Benge should apply to the DOC for a reduction in the level of his supervision.

After Benge filed a Motion for Reargument, in which he contended that the DOC had told him that he must remain at Level III due to the nature of his charges rather than the results of an objective risk assessment, the Superior Court requested clarification from the office of Probation and Parole. The Director of Probation and Parole informed the Superior Court that a Domestic Violence Screening Instrument was conducted, Benge scored high on the risk assessment, Benge was thus classified as subject to Level III supervision, and Benge was eligible for re-assessment in November 2014. In light of this information, the Superior Court concluded that Benge was appropriately placed on Level III probation and denied the Motion for Reargument.

### Sussex County Modification Motion

On January 24, 2014, Benge filed a Motion for Modification of Probation in Sussex County Case B. Benge sought: (i) reduction of the level of supervision from Level III to Level I for the remainder of his probation; (ii) an order that he had satisfied a sentencing condition requiring completion of a certified domestic

6

violence program by completing an equivalent program while serving his Level V sentence or removal of the domestic violence program condition from the sentencing order; and (iii) an order directing the DOC to recalculate the length of his probation based on recent amendments to 11 *Del. C.* § 4383. The Superior Court denied the Motion for Modification of Probation on February 14, 2014.

The Superior Court was satisfied that the sentence imposed was appropriate and was unwilling to micromanage the DOC's handling of the flow of offenders between different levels of probation or its oversight and determination of whether an offender had satisfied special conditions such as the completion of a domestic violence program. The Superior Court also concluded that the DOC was responsible for determining whether Benge was entitled to reduction of his probation under 11 *Del. C.* § 4383 and referred Benge to the DOC. Benge filed a Motion for Reargument, which was denied on April 29, 2014. These appeals followed.

### *Modifications Properly Denied*

Under Superior Court Criminal Rule 35(b), the Superior Court "may . . . reduce the fine or term or conditions of partial confinement or probation, at any time." A motion for modification of probation is not subject to the ninety day

7

limitation applicable to a motion for reduction of a "sentence of imprisonment."[4]

We review the denial of a motion for modification of sentence and the denial of a motion for reargument for abuse of discretion.[5] "Under this highly deferential standard," the test is whether "the trial court acted within a zone of reasonableness or stayed within a 'range of choice.'"[6]

Benge argues that the Superior Court erred, as a matter of law, by holding that recent amendments to Chapter 43 of Title 11 (Sentencing, Probation, Parole and Pardons) required complete deference to the probation processes and determinations of the DOC and precluded the Superior Court from modifying Benge's probation under Superior Court Criminal Rule 35(b). We do not read the decisions of the Sussex County Superior Court or the New Castle County Superior Court as so holding. In denying Benge's Motion for Modification of Probation in Sussex County Case B, the trial judge, who imposed the original sentence in Sussex County Case B, held that he remained satisfied the sentence imposed was

---

[4] Super. Ct. Crim. R. 35(b) (providing that the court may reduce sentence of imprisonment on motion made within ninety days after sentence is imposed and that the court will only consider such a motion made after ninety days in "extraordinary circumstances or pursuant to 11 *Del. C.* § 4217"); *Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011) (finding Superior Court erred in holding that motion for modification of Level IV time was subject to ninety day period); *Johnson v. State*, 2008 WL 187958, at *1 (Del. Jan. 9, 2008) (finding Superior Court erred in holding the motion to reduce probation was untimely).

[5] *State v. Lewis*, 797 A.2d 1198, 1202 (Del. 2002); *Parker v. State*, 2001 WL 213389, at *1 (Del. Feb. 26, 2001).

[6] *State v. Lewis*, 797 A.2d at 1202 (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968 (8th Cir. 1984)).

8

"reasonable and appropriate." The Sussex County Superior Court further held the DOC had specific guidelines and protocols for the flow of offenders between levels of probation, it would not micromanage the DOC, and Benge could seek relief from the DOC.

The Sussex County Superior Court did not hold that it was bound by the DOC's processes regarding the supervision levels of probation or that it was unable to modify the supervision level of Benge's probation. The Superior Court was simply unwilling to interfere with the processes of the DOC in a situation where the Superior Court had previously concluded that Level III probation was an appropriate part of Benge's sentence and remained satisfied with the terms of sentence. Under these circumstances, the Sussex County Superior Court did not act unreasonably in denying Benge's motion to reduce the level of his supervision from Level III to Level I.

Similarly, the New Castle County Superior Court did not hold that it was unable to modify Benge's probation or that it was required to defer completely to the DOC. The New Castle County Superior Court noted that Benge had presented a case for "outstanding rehabilitation," but also recognized the DOC's increased authority to reclassify an offender's Level I, II, or III supervision level with the assistance of an objective classification tool and that Benge had not identified any issues with the DOC's handling of his probation. Under these circumstances, the

9

New Castle County Superior Court concluded that the DOC was in a better position to determine whether it was appropriate for the supervision level of Benge's probation to be reduced to Level I and denied Benge's Motion for Modification of Probation. The New Castle County Superior Court did not act unreasonably in reaching this decision, given the position and authority of the DOC and the absence of a claim that the DOC had ignored or mishandled a request for reduction in supervision level from Benge.

### *Rearguments Properly Denied*

In his Motions for Reargument, Benge claimed that he had asked a probation officer if his level of supervision could be reduced and was informed that reclassification was not possible based on the seriousness of his charges, rather than the results of an objective risk assessment. The New Castle County Superior Court then requested clarification from the office of Probation and Parole and was informed that a Domestic Violence Screening Instrument was conducted, Benge scored high on the risk assessment and was thus classified as subject to Level III supervision, and Benge was eligible for re-assessment in November 2014. In light of this information, the New Castle County Superior Court concluded that Benge was appropriately placed on Level III probation and denied the Motion for Reargument.

The Sussex County Superior Court, which had held Benge's Motion for Reargument in abeyance pending the decision of the New Castle County Court as requested by Benge, then denied Benge's Motion for Reargument. The purpose of a motion for reargument is to request that the trial court "reconsider whether it overlooked applicable legal precedent or misapprehended the law or facts in such a way as to affect the outcome of the case."[7] Benge has not shown that the Superior Court overlooked applicable legal precedent or misapprehended the law or facts in such a way as to affect the outcome of his cases and therefore, we find no abuse of discretion in the denial of the Motions for Reargument.

### *Probation Calculation Clarified*

We turn to Benge's claim that the length of his probation has been miscalculated. Benge raised this claim in Sussex County Case B, but not the New Castle County Case. Based upon the record, it appears that Benge completed the Level V portion of his sentences in Sussex County Case A and Sussex County Case B by June 10, 2012 and then began serving his three year Level V sentence in the New Castle County Case. On March 18, 2013, less than a year after starting his three year Level V sentence in the New Castle County Case, Benge began serving the Level IV work release portion of the Sussex County Case A sentence.

---

[7] *Melton v. State*, 2013 WL 4538071, at *1 (Del. Aug. 22, 2013).

11

The one year of probation imposed in the New Castle County Case and the one year of probation imposed in Sussex County Case B also began running at that time. Benge completed Level IV work release on August 5, 2013. In addition to the terms of probation imposed by the trial courts, it appears Benge was released early from his Level V sentence in the New Castle County Case based on good time credits and was therefore deemed to be on probation until the expiration of the maximum term of that sentence, which would be three years from the time he began serving the Level V sentence in June 2012 (or June 2015, which is consistent with the maximum expiration date that appears in the DOC status reports in the record).[8] The State acknowledges that Benge's conditional release time and probation run concurrently under the recently amended 11 *Del. C.* 4383(c),[9] not consecutively as the Director of Probation and Parole informed the New Castle County Superior Court in April, and has confirmed that with the DOC.

### *Earned Credit Compliance*

Benge claims that the DOC has failed to reduce his probation by earned compliance credit he is entitled to under 11 *Del. C.* § 4383. Under Section

---

[8] 11 *Del. C.* § 4348 ("A person released on or after August 8, 2012, having served that person's term or terms in incarceration, less such merit and good behavior credits as have been earned, shall, upon release, be deemed as released on probation until the expiration of the maximum term or terms for which the person is sentenced.").

[9] Section 4383(c) provides that "[f]or any offender released on or after August 8, 2012, a period of conditional release shall be served concurrently with the probationary period."

4383(a), probation "may be reduced by earned compliance credit under the provisions of this chapter and rules and regulations adopted by the Department of Corrections."[10]  A person on probation "may earn up to 30 days of credit for 30 days of compliance with conditions of supervision, not to exceed half of their probationary period."[11]  Earned compliance credit is not available for certain categories of offenses, including categories of offenses set forth in rules and regulations adopted by the DOC.[12]  Probation and Parole adopted regulations effective August 1, 2014 that provided offenders who were assessed as high risk could not accrue earned compliance credit and that excluded sentences for domestic violence offenses from accruing earned compliance credit.

In addressing Benge's claim that he was entitled to earned compliance credit under Section 4383, the Sussex County Superior Court concluded that the DOC was responsible for making that determination and that the Superior Court did not monitor earned compliance credit.  The proper procedural vehicle for a challenge to the DOC's calculation or application of good time credit is a petition for a writ of mandamus.[13]  A writ of mandamus allows the Superior Court to compel a public

---

[10] 11 *Del. C.* § 4383(a).

[11] 11 *Del. C.* § 4383(b).

[12] *See* 11 *Del. C.* § 4383(d)(4).

[13] *Walls v. State*, 2010 WL 5393996, at *1 (Del. Dec. 28, 2010) (affirming denial of claim that defendant was entitled to application of good time credit because proper procedural vehicle was

13

agency to perform a duty when the petitioner has a clear right to performance of the duty, no other adequate remedy is available, and the public agency has arbitrarily failed or refused to perform its duty.[14]

Benge suggests that a petition for a writ of mandamus is only necessary when an incarcerated individual files a Superior Court Criminal Rule 35(a) motion to correct an illegal sentence based on good time credit under 11 *Del. C.* § 4381 and is not necessary when an individual like himself files a Superior Court Criminal Rule 35(b) motion to modify probation based on earned compliance credit under 11 *Del. C.* § 4383. We disagree. The claim underlying both situations is a challenge to the DOC's calculation or application of credit earned while an individual is incarcerated or while on probation.

A petition for a writ of mandamus is the appropriate vehicle for Benge's claim that his probation should be reduced by earned compliance credit. Accordingly, the Sussex County Superior Court did not err in denying Benge's

---

writ of mandamus); *Hawkes v. State*, 2009 WL 3087271, at *1 (Del. Sept. 28, 2009) (affirming denial of motion to compel the DOC to recalculate defendant's good time credit because writ of mandamus was proper vehicle); *Pasquale v. State*, 2007 WL 2949140, at *1 (Del. Oct. 11, 2007) (affirming denial of claim that DOC failed to apply proper amount of good time credit because defendant had to bring petition for writ of mandamus); *Ortiz v. State*, 2007 WL 1885122, at *1 (Del. July 2, 2007) (affirming denial of claim challenging DOC's failure to apply good time credits and requesting that Superior Court compel such application because defendant should have filed petition for writ of mandamus).

[14] *Pasquale v. State*, 2007 WL 2949140, at *1.

Motion for Modification of Probation and Motion for Reargument based on his claim that he was entitled to earned compliance credit.

### *Conclusion*

The judgments of the Superior Court are affirmed.