# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE        :
                                  :        ID No. 1509003810

        v.                               :        In and For Kent County

                                       :

ALEX JOSEPH,                   :

                                       :

       Defendant.              :

## ORDER

Submitted: March 23, 2018
Decided:  April 11, 2018

On this 11th day of April 2018, upon consideration of Defendant Alex Joseph's (hereinafter "Mr. Joseph's") motion for modification of sentence pursuant to Superior Court Criminal Rule 35(b), it appears to the Court that:

1. Mr. Joseph pled guilty to Assault in the First Degree for shooting a victim multiple times on September 4, 2015. After resolution of the matter by plea, the Court sentenced him to two years of incarceration, to be followed by twelve months at Level IV Home Confinement, to be followed by an additional twelve months at Level III probation.

2. While on home confinement, Mr. Joseph violated his probation through multiple curfew violations and using illicit drugs. At the time the Court revoked his probation and resentenced him, there remained greater than six months of unserved home confinement time required by his original sentence. After considering all the circumstances involved, the Court resentenced Mr. Joseph to ninety days at a Level IV VOP Center, to be followed by six months at Level IV Work Release, and then

one year of Level III probation. Mr. Joseph received the credit time he was due, which was applied to the Level IV VOP Center portion of his sentence.

3. In support of his timely motion for modification of sentence, Mr. Joseph emphasizes that while incarcerated, he posed no disciplinary problems. He also emphasizes that while he was on home confinement, he had secured employment. He also emphasizes what he alleges is a stable household and supporting family. Finally, his written motion alleges that he seeks to start classes at Wilmington University during the Spring semester. He seeks a modification of his sentence to either Level III probation or to home confinement in lieu of work release.

4. Under Superior Court Criminal Rule 35(b), the Court "may . . . reduce the . . . term or conditions of probation, at any time."[1] The burden is upon the movant to establish cause to modify a lawfully imposed sentence. Motions for reduction of sentences are appropriately heard "without presentation, hearing or argument unless otherwise ordered by the court."[2]

5. The Court's sentence for Mr. Joseph's violation of probation appropriately reflected all circumstances relevant to his resentencing. Those circumstances included the extremely violent nature of the underlying offense and the Court's significant concern that he abide by conditions of his probation to prevent future similar conduct. In its sentence, the Court also considered the fact that Mr. Joseph's violations began accruing within three months after his release to home confinement. On balance, the Court appropriately sentenced Mr. Joseph for his violations of probation based on repeated curfew violations and illicit drug use. Namely, his resentence provides for approximately three additional months of Level IV time than that required by his original sentence. The Court does not find it appropriate to modify his Level IV sentence by returning him to home confinement as opposed to

---

[1] *Benge v. State*, 101 A.3d 973, 976 (Del. 2014) (citation omitted).
[2] Super. Ct. Crim. R. 35(b).

work release.  Mr. Joseph's demonstrated non-compliance with conditions of his home confinement made his work release sanction appropriate.

WHEREFORE, based on the submissions before the Court, the Court does not find that Mr. Joseph has demonstrated circumstances that warrant reduction or modification of his sentence. Accordingly, Mr. Joseph's motion for modification of sentence is DENIED.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge