IN THE SUPREME COURT OF THE STATE OF DELAWARE

GILBERT RENN, § 
 § No. 132, 2019
 Defendant Below, §
 Appellant, § Court Below—Superior Court
 § of the State of Delaware
 v. §
 § Cr. ID No. N1412001031
STATE OF DELAWARE, §
 §
 Plaintiff Below, §
 Appellee. §

Submitted: May 16, 2019
Decided: June 20, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## O R D E R

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Gilbert Renn, filed this appeal from the Superior Court's denial of his motion for sentence modification. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Renn's opening brief that his appeal is without merit. We agree and affirm.

(2) In May 2015, Renn pleaded guilty to two counts of Robbery Second Degree arising from a series of bank robberies. In August 2015, the Superior Court sentenced Renn to a total of thirteen years of Level V imprisonment, suspended after

six years for two years of Level III probation.[1]  Renn did not file a direct appeal, but he later filed multiple motions for sentence reduction or modification.

(3)     In August 2018, Renn filed his sixth motion for sentence modification. Citing personal and family health concerns, he asked to be permitted to serve the final year of his sentence on Level IV home confinement rather than at Level V.  On August 23, 2018, the Superior Court denied the motion on the basis that Renn filed the motion more than ninety days after the sentence was imposed and had not demonstrated "extraordinary circumstances" warranting a modification of the sentence.[2]  The court noted that "Level IV is at DOC discretion.  Home Confinement is a possibility, if appropriate."   On February 1, 2019, Renn sent a letter to the Superior Court, again requesting that the final six months of his sentence be served on home confinement.  On March 6, 2019, the Superior Court issued an order stating that its August 23, 2018 order had already addressed the issue and that "Defendant may be placed at Level 4 Home Confinement during the final 6 months at Level 5." This appeal followed.

(4)     On appeal, Renn indicates that he was seeking an order mandating, rather than permitting, the final six months of his sentence to be served at Level IV. Renn argues that the Superior Court intended the final six months of Renn's sentence

---

[1] Renn was sentenced as a habitual offender on one of the charges.
[2] *See* SUPER. CT. CRIM. R. 35(b) ("The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances . . . .").

2

to be served at Level IV, but the Department of Correction "will not acknowledge that."

(5)     We find no merit to Renn's appeal. We review the Superior Court's denial of a motion for modification of sentence under Rule 35(b) for abuse of discretion.[3] Under Rule 35(b), a motion for reduction or modification of sentence must be filed within ninety days of sentencing, absent a showing of "extraordinary circumstances."[4] Rule 35(b) also provides that the Superior Court will not consider repetitive requests for sentence modification.[5] Renn's repetitive motion for sentence modification was filed well beyond the ninety-day limit. The Superior Court did not abuse its discretion by denying the motion.[6] Moreover, contrary to Renn's contention, the Superior Court's August 23, 2018 and March 6, 2019 orders both make clear that the court did not intend to require that Renn be placed at Level IV home confinement, rather than at Level V, but intended Level IV placement to be at the discretion of the Department of Correction.

---

[3] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).
[4] SUPER. CT. CRIM. R. 35(b).
[5] *Id.*
[6] *McDougal v. State*, 2019 WL 2275002 (Del. Mar. 29, 2019).

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice