IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KATIE MORGAN, | § | |
| | § | No. 142, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1106007727 (K) |
| STATE OF DELAWARE, | § | 1007023886 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 5, 2019
Decided: July 30, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Katie Morgan, filed this appeal from the Superior Court's denial of her motion for sentence reduction. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Morgan's opening brief that her appeal is without merit. We agree and affirm.

(2) In 2010, Morgan pleaded guilty to theft over $1,500 and was sentenced to two years' imprisonment, suspended after 16 days for one year at Level II probation. In 2011, Morgan pleaded guilty to theft from a senior and misdemeanor theft by false pretense, and was sentenced to three years' imprisonment, suspended for one year at Level

III TASC probation. In 2012, the Superior Court modified her 2011 sentence to flow her down from Level III probation to Level I probation, restitution only.

(3) On March 14, 2014, Morgan was found in violation of probation for the 2011 theft from a senior charge and resentenced to two years' imprisonment, suspended for one year at Level III probation, with zero tolerance for missed restitution payments; on the misdemeanor theft conviction, she was discharged from probation as unimproved. Over the next few years, Morgan violated her probation multiple times. On August 10, 2018, Morgan was again found in violation of probation. The Superior Court sentenced her as follows: on the VOP for the theft from a senior charge, to one year and nine months at Level V, suspended after successful completion of the Level V Village Program for one year at Level III probation, followed by one year at Level I probation, restitution only; on the VOP for the 2010 theft charge, to thirty days at Level V, suspended for one year at Level III probation, followed by one year at Level I probation, restitution only.

(4) Morgan did not file a direct appeal from her August 10, 2018 violation of probation sentence. Between October 2018 and December 2018, she filed several motions for review or modification of sentence, all of which the Superior Court denied.

(5) On February 19, 2019, Morgan filed a motion for review or reduction of sentence, arguing that she had been a model inmate and had completed a number of training programs, and that the waiting list for placement in a drug-treatment program was too long, requiring her to stay at Level V longer than anticipated. The Superior Court denied the motion, ruling that the motion was (i) untimely under Rule 35(b) because it was not filed

2

within 90 days after the imposition of the sentence and (ii) repetitive. Morgan has appealed from the court's denial of her motion.

(6) We find no merit to Morgan's appeal. We review the Superior Court's denial of a motion for reduction of sentence under Rule 35(b) for abuse of discretion.[1] Under Rule 35(b), a motion for reduction of sentence must be filed within ninety days of sentencing, absent a showing of "extraordinary circumstances."[2] Rule 35(b) also provides that the Superior Court will not consider repetitive requests for sentence reduction.[3] Morgan's repetitive motion for sentence reduction was filed well beyond the ninety-day limit. The Superior Court did not abuse its discretion by denying the motion.[4]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).

[2] SUPER. CT. CRIM. R. 35(b).

[3] *Id.*

[4] *McDougal v. State*, 2019 WL 2275002 (Del. Mar. 29, 2019).

3