IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRED HUFFMAN, | § | |
| | § | No. 76, 2019 |
| Defendant Below– | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1112004258 (N) |
| Plaintiff Below– | § | |
| Appellee. | § | |

Submitted: June 7, 2019
Decided: August 7, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) Fred Huffman appeals two Superior Court orders: (i) the Superior Court's denial of his motion for credit for time served; and (ii) the Superior Court's denial of his petition for redesignation of tier assignment or, in the alternative, removal from the sex offender registry ("the petition for relief"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of the opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Huffman pleaded guilty in September 2012 to one charge of unlawful sexual intercourse in the second degree. After a presentence

investigation, the Superior Court sentenced Huffman to twenty years of Level V incarceration, suspended after ten years for decreasing levels of supervision. A condition of his sentence was to register as a Tier III sex offender. Huffman did not file a direct appeal.

(3) On June 26, 2014, Huffman filed a motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The Superior Court denied the motion, concluding that Huffman was challenging his sentence rather than his conviction and, therefore, Rule 61 was not applicable. We affirmed on appeal, finding that many of Huffman's claims fell outside the scope of Rule 61 and that the remaining claims were procedurally barred.[1] In March of 2017, Huffman filed a motion to correct an illegal sentence under Superior Court Criminal Rule 35 ("Rule 35"). The Superior Court denied the motion and we affirmed.[2]

(4) On January 24, 2019, Huffman filed the petition for relief, which the Superior Court denied on the record after a February 4, 2019 hearing. The following day, Huffman filed a motion for credit for his time spent outside of prison after posting bail. The Superior Court considered the motion to be a motion to modify filed under Rule 35(b) and denied it, finding: (i) the sentence was imposed pursuant to a negotiated plea agreement; (ii) no extraordinary circumstances existed to excuse

---

[1] *Huffman v. State*, 2015 WL 4094234 (Del. July 6, 2015).

[2] *Huffman v. State*, 2017 WL 2686552 (Del. June 21, 2017).

the 90-day deadline for filing a Rule 35(b) motion; (iii) the motion was repetitive; and (iv) the sentence remained appropriate for all the reasons stated at sentencing. This appeal followed.

(5)     On appeal, Huffman asserts a number of repetitive and somewhat confusing claims that can be summarized as follows: (i) the Superior Court erred in denying his petition for relief and, in so doing, denied Huffman the opportunity to present constitutional challenges to his sentence and the sex offender registry requirements; (ii) the Superior Court exhibited bias in denying his motion for credit for time served as untimely filed under Rule 35(b); (iii) the Superior Court erred in considering his motion for credit for time served as a motion to modify his sentence; and (iv) the Superior Court incorrectly denied him credit for the time period when he was free on bail.

(6)     With respect to Huffman's challenges to the Superior Court's order denying his petition for relief, his failure to include the transcript of the Superior Court's order precludes our review of his claims related to that hearing.[3]   In any event, Huffman's claims as to the Superior Court's ruling are unavailing.  Huffman is barred from seeking relief from the sex offender registry until twenty-five years

---

[3] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987) ("This Court can only evaluate issues raised on appeal by reviewing the facts that actually appear in the record.  The failure of the defendant to include in the record adequate transcripts of the proceedings, as required by the rules of this Court, precludes appellate review of his claim….").

have elapsed since the last day of his Level V sentence was imposed.[4] To the extent Huffman argues that the sex offender registry requirements and conditions violate his constitutional rights, the proper procedural vehicle for a challenge to the legality of a sentence is a motion for correction of illegal sentence. We have already upheld the legality of Huffman's sentence.[5] We have also upheld the constitutionality of the sex offender registry and its community notification requirements. The assignment of a convicted sex offender to a statutorily-mandated Risk Assessment Tier does not implicate a protected liberty interest under the Delaware or United States Constitution.[6] The requirement is not punitive and does not run afoul of *ex post facto* protection.[7] Nor does the community notification component of the registry violate the offender's constitutional right to privacy.[8] Huffman's contention that the dissemination of his tier registration information violates the Delaware Code is also without merit. Community notification and dissemination of information

---

[4] 11 *Del. C.* § 4121(e)(2)a. ("Any sex offender designated to Risk Assessment Tier III may petition to the Superior Court for redesignation to Risk Assessment II if 25 years have elapsed from the last day of any Level IV or V sentence imposed at the time of the original conviction … and the offender has successfully completed an appropriate sex offender treatment program certified by the State, [and] has not been convicted of any crime (other than a motor vehicle offense) during such time."). Huffman also claims that 11 *Del. C.* § 4122 "unambiguously asserts" that the sex registration legislation does not apply to defendants convicted of offenses that occurred prior to 1994. A prior version of § 4122 applied only to defendants *convicted after* June 27, 1994. The statute was amended to remove that limitation in 2008, prior to Huffman's sentencing.

[5] *Huffman*, 2017 WL 2686552.

[6] *Helman v. State*, 784 A.2d 1058, 1064 (Del. Nov. 7, 2001).

[7] *Id.*

[8] *Id*. at 1072-74.

related to public judicial proceedings are exempt from the definition of "criminal history record information" protected by Title 11 of the Delaware Code[9] and criminal prosecutions are public proceedings by their very nature.[10] Finally, and as we have observed previously in Huffman's case, Huffman had "fair notice" of the sex offender registry requirements when he pleaded guilty to unlawful sexual intercourse in the second degree and, as part of that plea agreement, *agreed* to register as a Tier III sex offender.

(7) The remainder of Huffman's claims concern the Superior Court's denial of his motion for credit for time served. The Superior Court considered Huffman's motion as a motion for modification of sentence filed under Rule 35(b). Rule 35(b) provides that a court may reduce a sentence of imprisonment on a motion made within ninety days of sentencing.[11] A court may consider a motion for reduction of sentence made more than ninety days after the imposition of a sentence in "extraordinary circumstances."[12] We review the Superior Court's denial of a motion for modification of sentence under Rule 35(b) for abuse of discretion.[13] This standard is highly deferential.[14]

---

[9] 11 *Del. C.* § 8502(4)c.

[10] *Helman*, 784 A.2d at 1071.

[11] Del. Super. Ct. Cr. R. 35(b).

[12] *Id.*

[13] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).

[14] *Id*. at 977.

(8)    Huffman argues the Superior Court exhibited bias against him by denying his motion to modify as untimely filed because the Superior Court amended Huffman's sentencing order outside of the time frame of seven days provided for in Rule 35(c).[15]  This is an entirely conclusory allegation.  "To be disqualified the alleged bias or prejudice of the judge must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."[16]  There is simply no evidence in the record that the Superior Court harbored any bias or prejudice against Huffman.

(9)    Huffman's final two arguments are intertwined and we consider them together.  Huffman posits that the Superior Court improperly treated his motion for credit for time served as a motion to modify his sentence.  Here, any distinction is one without a difference because Huffman is simply not entitled to credit for time served while he was free on bail.[17]  A defendant is entitled to credit for time served

---

[15] In 2016, the Superior Court amended its sentencing order to reflect the fact that the sentence was subject to the Truth in Sentencing Act, which it was as a matter of law because the Truth in Sentencing Act applies to all crimes committed after June 29, 1990. *Huffman v. State*, 2017 WL 773587, at *1 (Del. Feb. 27, 2017).

[16] *Wiggins v. State*, 2017 WL 2290943, at *2 (Del. May 22, 2017) (internal quotation marks and citations omitted).

[17] *Barrett v. State*, 2015 WL 4510717, at *2 (Del. July 23, 2015).

6

for any period of *actual* incarceration.[18]  By definition, a defendant not in prison is not serving a period of incarceration.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[18] 11 *Del. C.* § 3901(c); *Anderson v. State*, 2006 WL 3931460, at *1 (Del. Dec. 5, 2006) (an inmate is entitled to Level V credit for time served at Level V incarceration or at a Level IV violation of probation center).