IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JULIAN BODNARI, | § | |
| | § | No. 127, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. 9909027880 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  July 1, 2019
Decided:  August 20, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Julian Bodnari, filed this appeal from the Superior Court's denial of his motion for sentence reduction or modification.  The State has moved to affirm the judgment below on the ground that it is manifest on the face of Bodnari's opening brief that his appeal is without merit.  We agree and affirm.

(2)    Bodnari was convicted of Trafficking in Cocaine, Possession with Intent to Deliver Cocaine, Possession of a Firearm During the Commission of a Felony, and other offenses.  He was sentenced in 2003 to an aggregate of thirty-three years in prison.  On direct appeal, this Court affirmed Bodnari's convictions and

sentence,[1] and in 2006 the Court affirmed the Superior Court's denial of Bodnari's motion for postconviction relief.[2]  Since then, Bodnari has filed several motions in the Superior Court seeking resentencing or reduction or modification of his sentence, each of which has been denied.[3]

(3)  On February 8, 2019, Bodnari filed another motion for reduction of sentence.  He argued that extraordinary circumstances warranted consideration of his motion more than ninety days after sentencing[4] because (i) the State prevented Bodnari from obtaining favorable recommendations from the Board of Parole and Board of Pardons in 2011 and 2015, and from obtaining a Department of Correction recommendation under 11 *Del. C.* § 4217,[5] by submitting false information that Bodnari was involved in organized crime in Pennsylvania and Eastern Europe, (ii) since the time of Bodnari's sentencing, the General Assembly has amended the criminal code to reduce the minimum mandatory sentences for the offenses of which Bodnari was convicted, and (iii) Bodnari has demonstrated his rehabilitation through

---

[1] *Bodnari v. State*, 2003 WL 22880372 (Del. Dec. 3, 2003).

[2] *Bodnari v. State*, 2006 WL 155237 (Del. Jan. 18, 2006).

[3] *See State v. Bodnari*, Cr. ID No. 9909027880 (S) (Del. Super. Ct.), Docket Entry Nos. 152-54, 158-59, 161-62, 170, 172.  *See also Bodnari v. State*, 2016 WL 4091232 (Del. July 18, 2016) (affirming denial of "motion for resentencing under House Bill 312").

[4] *See* SUPER. CT. CRIM. R. 35(b) (providing that the Superior Court will consider a motion for reduction of sentence filed more than ninety days after sentencing only in "extraordinary circumstances").

[5] 11 *Del. C.* § 4217 establishes a procedure by which the Superior Court may modify a sentence "solely on the basis of an application filed by the Department of Correction for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's own self."

completion of numerous programs and receipt of positive recommendations from prison personnel.

(4)     The Superior Court denied the motion, concluding that Bodnari had not demonstrated extraordinary circumstances sufficient to overcome the ninety-day time limitation for a motion for sentence reduction under Superior Court Rule 35(b). The court also stated that the court remained satisfied that the sentence is reasonable and appropriate.  Bodnari has appealed from the Superior Court's denial of his motion.

(5)     We find no merit to Bodnari's appeal.  We review the Superior Court's denial of a motion for reduction of sentence under Rule 35(b) for abuse of discretion.[6]   Under Rule 35(b), the Superior Court will consider a motion for reduction of sentence more than ninety days after sentencing only in "extraordinary circumstances."[7]     "Extraordinary circumstances" are circumstances that "specifically justify the delay; are entirely beyond a petitioner's control; and have prevented the applicant from seeking the remedy on a timely basis."[8]   Bodnari's contentions regarding his applications for commutation and his assertion that he "did not receive a fair sentencing originally, due to the court's reliance on inaccurate and

---

[6] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).

[7] SUPER. CT. CRIM. R. 35(b).  In addition to the exception for extraordinary circumstances, the ninety-day time limitation also does not bar an application made in accordance with 11 *Del. C.* § 4217.

[8] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) (internal quotations omitted).

3

extraneous information in the record"[9] do not satisfy this standard or otherwise provide grounds for reducing Bodnari's sentence, particularly because Bodnari received the minimum mandatory sentence for the offenses of which he was convicted. Likewise, as the Superior Court correctly observed, "participation in educational and rehabilitative programs, while commendable, does not, in and of itself, constitute 'extraordinary circumstances' for purposes of Rule 35(b)."[10] Finally, in 2013, the Superior Court rejected Bodnari's claim that his sentence should be reduced because the General Assembly later amended the sentencing ranges for the applicable offenses, and Bodnari did not appeal. He therefore cannot demonstrate extraordinary circumstances for considering that issue again now; in any event, this Court has held that the General Assembly's amendment of certain drug trafficking laws in 2003 applied only prospectively and not retroactively.[11]

(6) Rule 35(b) also provides that the Superior Court will not consider repetitive requests for sentence reduction.[12] Bodnari's repetitive motion for sentence reduction was filed well beyond the ninety-day limit. The Superior Court did not abuse its discretion by denying the untimely and repetitive motion.[13]

---

[9] Opening Brief at 5.

[10] *State v. Culp*, 152 A.3d 141, 145-46 (Del. 2016).

[11] *E.g.*, *Jones v. State*, 2004 WL 2291310 (Del. Oct. 7, 2004).

[12] SUPER. CT. CRIM. R. 35(b).

[13] *McDougal v. State*, 2019 WL 2275002 (Del. Mar. 29, 2019).

(7)     We also note that, contrary to Bodnari's assertion, the Senior Court Clerk appropriately struck the Motion to Compel Production of Documents that Bodnari filed in this Court. "This court does not conduct trials for the determination of facts, nor does it have any procedure to afford discovery. This court reviews decisions of trial courts on the basis of the records made in them."[14]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[14] *Beard v. Elster*, 160 A.2d 731, 741 (Del. 1960).