IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHARLES PERNOT, § 
§ No. 377, 2019
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1310018180 (N)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: December 2, 2019
Decided: January 10, 2020

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

### **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Charles Pernot, filed this appeal from the Superior Court's denial of his motion for postconviction relief.  The State has moved to affirm the judgment below on the ground that it is manifest on the face of Pernot's opening brief that his appeal is without merit.  We agree and affirm.

(2)    Pernot pleaded guilty to strangulation in 2014.  The Superior Court sentenced him to five years' imprisonment, suspended after nine months for four years and three months at Level IV (Crest), suspended after successful completion of Crest for 18 months of probation.  Pernot did not file a direct appeal.  In March

2017, while Pernot was on probation, he was arrested on various drug-related charges. As a result, he was also charged with a violation of probation ("VOP") in the strangulation case.

(3) On September 5, 2017, Pernot pleaded guilty to one count of drug dealing. In exchange for his guilty plea, the State agreed to dismiss the other drug-related charges and to recommend a time-served sentence for the VOP in the strangulation case. The plea agreement and the sentencing order in the drug-dealing case both reflected that agreement.[1] Pernot did not appeal his drug-dealing conviction or sentence.

(4) Following a VOP hearing in the strangulation case on September 20, 2017, the Superior Court found Pernot in violation of his probation and sentenced Pernot to four years and three months in prison, suspended after 187 days for eighteen months of probation. Pernot did not file a direct appeal.

(5) On June 19, 2018, Pernot filed a motion for postconviction relief, in which he challenged the sentence imposed for the VOP in the strangulation case, contending that the agreement in the drug-dealing case was that the VOP in the strangulation case was to be discharged as unimproved. On June 26, 2018, the

---

[1] *See* Exhibit D to Motion to Affirm (plea agreement in drug-dealing case indicating that the "State will ask for time served in pending VOP"); Exhibit J to Opening Brief (sentencing order in drug-dealing case, noting that "State will ask for no greater than time served on pending violations of probation on case # . . . 1310018180 [the strangulation case] in New Castle County").

2

Superior Court sent Pernot a letter stating that, in light of the relief that Pernot sought, the motion was more appropriately considered as a motion for sentence modification or reduction, and not for postconviction relief. The court then explained that the VOP sentence imposed was appropriate and consistent with the plea agreement in the drug-dealing case.

(6) Nearly ten months later, in April 2019, Pernot sent the court a letter acknowledging the court's June 2018 letter, requesting a ruling on his motion for postconviction relief, and again asserting that his understanding of the plea agreement in the drug-dealing case was that he would be discharged from probation as unimproved in the strangulation case. In June 2019, Pernot filed a motion requesting that he be provided with a transcript of the VOP hearing at State expense, and in July 2019, Pernot sent another letter requesting a ruling on his motion for postconviction relief. On July 29, 2019, the Superior Court issued a letter order denying the motion for postconviction relief and the motion for the VOP transcript.

(7) Pernot has appealed to this Court. He argues that the Superior Court (i) deprived him of his due process rights by considering the motion as a motion for sentence modification or reduction, rather than as a motion for postconviction relief; and (ii) acted with preconceived bias and breached the plea agreement by denying the motion.

3

(8)     We find no merit to Pernot's appeal.  Rule 61 of the Superior Court Criminal Rules establishes a procedure by which a person may seek "to set aside the judgment of conviction . . . on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction."[2]  Pernot's motion for postconviction relief did not state any basis for setting aside the judgment of conviction under which he was sentenced.  Instead, it argued that the court should have imposed a different sentence.  "Rule 35, not Rule 61, is the proper vehicle for challenging a sentence," and the Superior Court therefore did not err by considering the motion under Rule 35 instead of Rule 61.[3]

(9)     The Superior Court also did not err in denying the motion.  We review the Superior Court's denial of a motion for modification of sentence for abuse of discretion.[4]  Although the Superior Court did not deny the motion as untimely, a motion for reduction or modification of sentence must be filed within ninety days of sentencing, absent a showing of "extraordinary circumstances."[5]  Pernot filed his motion well beyond the ninety-day limit.  He has not demonstrated any extraordinary circumstances, nor has he provided any support for his claim that the Superior Court denied his motion on the basis of a "preconceived bias."  To the contrary, the record

---

[2] SUPER. CT. CRIM. R. 61(a)(1).
[3] *Priest v. State*, 2015 WL 7424860 (Del. Nov. 20, 2015).
[4] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).
[5] SUPER. CT. CRIM. R. 35(b).

reflects that the Superior Court imposed a VOP sentence that is consistent with the plea agreement and sentencing order in the drug-dealing case.[6]

(10)  Finally, we conclude that the Superior Court did not err by denying Pernot's motion for a transcript of the VOP hearing at State expense. Absent a showing of good cause, it is within the Superior Court's discretion to deny a motion for transcripts at State expense.[7]  As the Superior Court correctly determined, Pernot's motion did not identify any factual or legal grounds that would merit postconviction relief or sentence modification.[8]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[6] *See State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) (describing extraordinary circumstances as circumstances that "specifically justify the delay; are entirely beyond a petitioner's control; and have prevented the applicant from seeking the remedy on a timely basis" (internal quotations omitted)).

[7] *McNeil v. State*, 2016 WL 5118302, at *4 (Del. Sept. 20, 2016).

[8] *See Stover v. State*, 2018 WL 3245175 (Del. July 3, 2018).