IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYRIE J. WILLIAMS, | § | |
| | § | No. 315, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1712000362 (S) |
| Plaintiff Below, | § | 1807016665 (S) |
| Appellee. | § | |

Submitted: November 10, 2020
Decided: December 10, 2020

Before **VAUGHN**, **TRAYNOR**, **MONTGOMERY-REEVES**, Justices.

### O R D E R

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    Tyrie Williams appeals the Superior Court's August 19, 2020 order denying his motion for sentence modification under Superior Court Criminal Rule 35(b) ("Rule 35(b)").  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Williams' opening brief that his appeal is without merit.  We agree and affirm.

(2)    The record reflects that, in August 2018, Williams resolved two pending criminal cases by pleading guilty to one count of drug dealing, one count of possession of a firearm by a person prohibited, and one count of an act of

intimidation. The Superior Court immediately sentenced Williams in accordance with the plea agreement to five years of Level V incarceration followed by eighteen months of Level III probation. Williams did not appeal his convictions or sentence.

(3) On August 12, 2020, the Superior Court received Williams' motion for modification of sentence under Rule 35(b). In support of his motion, Williams cited, among other things, his general concern that the Department of Correction ("DOC") was unable to contain the spread of COVID-19 in the prison population and the pandemic's effect on his family. The Superior Court denied Williams' motion, finding that extraordinary circumstances did not warrant granting the untimely motion. The Superior Court also opined that DOC was taking appropriate steps to control the spread of COVID-19. This appeal followed.

(4) We review the Superior Court's denial of a Rule 35(b) motion for abuse of discretion.[1] This standard is highly deferential.[2] Rule 35(b) provides that a motion for sentence modification filed after ninety days will only be considered in extraordinary circumstances or under 11 *Del. C.* § 4217.[3] Section 4217 permits the Superior Court to modify a defendant's sentence if DOC files an application for good cause shown—including a defendant's serious medical illness or infirmity—and

---

[1] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).
[2] *Id.* at 977.
[3] Super. Ct. Crim. R. 35(b).

certifies that the defendant does not constitute a substantial risk to the community or himself.

(5)     On appeal, Williams asserts for the first time that he, in fact, contracted COVID-19 in prison, and that this fact, in and of itself, constitutes extraordinary circumstances sufficient to justify the modification of his sentence.  Williams' claim is unavailing.

(6)     As a preliminary matter, because Williams did not present his argument that a diagnosis of COVID-19 establishes extraordinary circumstances under Rule 35(b) to the Superior Court, we ordinarily will not entertain it on appeal.[4]  In any event, Williams' claim is without merit.  Should Williams' specific individual medical condition warrant sentence modification, an application by DOC under § 4217 is the proper vehicle to deliver such relief.[5]  Accordingly, we cannot conclude that the Superior Court abused its discretion by denying Williams' untimely motion for sentence modification.

---

[4] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."). Similarly, the medical documents Williams includes in his appendix were not presented to the Superior Court and are outside the scope of the record on appeal. *Del. Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenant of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").

[5] *Johnson v. State*, 2020 WL 5626231, at *2 (Del. Sept. 18, 2020) (Section 4217 "is the statutory vehicle for seeking a medical modification of sentence.") (citations omitted).

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice