**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1611001960 |
| | ) | |
| AARON SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: February 15, 2021
Date Decided: April 12, 2021

**ORDER**

Upon consideration of Defendant's Motion for Modification of Sentence (the "Motion"),[1] Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1. On June 19, 2017, Defendant pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP").[2] In an order issued on June 19, 2017, effective November 4, 2016, the Court sentenced Defendant as follows: 15 years at Level V, suspended after 5 years at Level V, for 2 years at Level IV (DOC Discretion), suspended after 6 months at Level IV (DOC Discretion), for 18 months at Level III, hold at Level V until space is available at Level IV (DOC Discretion).[3]

---

[1] D.I. 31.
[2] D.I. 17.
[3] *Id.*

2.     On July 14, 2017, Defendant filed a Motion for Modification of Sentence, which the Court denied on August 2, 2017.[4]

3.     On February 15, 2021, Defendant filed a second Motion for Modification of Sentence—the instant Motion.[5]  In his Motion, Defendant asks the Court to modify his sentence to allow him to flow into the Level III portion of his sentence.[6]  He explains that he is going to finish serving the unsuspended Level V portion of his sentence on March 24, 2021—a date that has now passed.[7]   So, in essence, Defendant asks the Court to waive the 6-month unsuspended term of Level IV (DOC Discretion) that precedes his Level III time.

4.     In support of his request, Defendant explains that COVID-19 has limited employment opportunities and has caused Level IV facilities to close.[8]  He also argues that the State of Delaware's social-distancing restrictions are capricious and threaten the First Amendment of the United States Constitution.   Next, Defendant notes that he has participated in the 6 for 1 program at Howard R. Young Correctional Institution.[9]  And finally, Defendant writes that he obtained a flagger

---

[4] D.I. 19–20.
[5] D.I. 31.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

license prior to his being incarcerated and that he would pursue work as a flagger upon release.[10]

5.     Superior Court Criminal Rule 35(b) governs the modification of sentences.[11] Pursuant to Rule 35(b), a motion to modify a sentence of imprisonment must be filed no later than 90 days after the sentence is imposed.[12] That 90-day limitation does not apply to a motion to modify a sentence of probation.[13] Because Defendant seeks to modify a sentence of probation, his Motion is not subject to the Rule 35(b) time bar.

6.     But Defendant's Motion must be denied for another reason: Rule 35(b) prohibits the Court from considering "repetitive requests for reduction of sentence."[14] A motion is repetitive when it is "preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[15] There are no exceptions to the repetitive motion bar.[16] As noted above, the instant Motion for Modification of Sentence is Defendant's second.[17]

---

[10] *Id.*
[11] Super. Ct. Crim. R. 35(b).
[12] *Id.*
[13] *Benge v. State*, 101 A.3d 973, 976 (Del. 2014) (citations omitted).
[14] *Id.*
[14] *Id.*
[15] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[16] *Id.*
[17] D.I. 19.

3

7.  Lastly, as a general matter, the Court notes that a primary purpose of Rule 35(b) is to "give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[18]  Having taken that second chance, the Court finds that Defendant's initial sentence is appropriate for all of the reasons stated at the time of sentencing.  No additional information has been provided to the Court that would warrant a modification of Defendant's sentence.

**NOW, THEREFORE, IT IS ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED.**

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge

Original to Prothonotary

cc:   Aaron Smith (SBI# 00565872)
      A.J. Roop (DAG)

---

[18] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Ct. Dec. 16, 2014) (citations omitted).

4