IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TREMAYNE GARRISON, | § | |
| | § | No. 177, 2022 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Crim. ID No. 1904012875 (S) |
| Appellee. | § | |

Submitted: September 21, 2022
Decided: November 15, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Tremayne Garrison, appeals the Superior Court's denial of his motion for modification of sentence.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Garrison's opening brief that his appeal is without merit.  We agree and affirm.

(2)     On June 9, 2021, Garrison pleaded guilty to one count of drug dealing (tier two quantity) as a lesser-included offense of drug dealing (tier four quantity). In exchange for his guilty plea, the State agreed to dismiss the remaining counts of the indictment and to cap its sentencing recommendation at four years of Level V

incarceration. Following a presentence investigation, the Superior Court sentenced Garrison to fifteen years of incarceration, suspended after four years followed by decreasing levels of supervision. Garrison did not appeal his conviction or sentence.

(3) In April 2022, Garrison filed a timely motion for sentence modification under Superior Court Criminal Rule 35(b). The Superior Court denied the motion, finding that Garrison's sentence remained appropriate in light of Garrison's criminal history and the severity of the offense. This appeal followed.

(4) We review the Superior Court's denial of a Rule 35(b) motion for abuse of discretion.[1] Under this "highly deferential" standard, the test is whether "the trial court acted within a zone of reasonableness or stayed within a range of choice."[2]

(5) On appeal, Garrison argues that the Superior Court abused its discretion when it denied his Rule 35(b) motion because: (i) the State agreed not to seek a term of incarceration, (ii) the Superior Court denied Garrison his right to allocution at sentencing, (iii) the Superior Court denied Garrison's motion with a closed mind, and (iv) the Superior Court did not properly credit Garrison for the time he had previously served.

(6) A judge exhibits a closed mind when he acts in a manner that is based on a "preconceived bias without consideration of the nature of the offense or the

---

[1] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).

[2] *Id*. at 977 (internal quotation marks and citation omitted).

character of the defendant."[3]  To the extent that Garrison contends that the Superior Court judge denied his Rule 35(b) motion with a closed mind, the record does not support this conclusory argument.  And, to the extent that Garrison maintains that the Superior Court judge sentenced him with a closed mind, his argument is belied by the sentencing transcript, which reflects that the judge considered the nature of Garrison's offense as well as Garrison's continued use of his brother's name as an alias.

(7)  Because Garrison did not raise his remaining arguments in the Superior Court in the first instance, we ordinarily would not entertain them on appeal and review only for plain error.[4]  In any event, Garrison's arguments are meritless.  First, Garrison's claim that the State agreed not to seek a term of incarceration is refuted by the plea agreement paperwork, which indicates that the State agreed to cap its sentencing recommendation to four years of incarceration.  Second, the sentencing transcript reflects that Garrison was given, and availed himself of, the opportunity to address the court.   Third, we find no plain error where the record reflects that Garrison was credited with "all time previously served" in the Superior Court's

---

[3] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

[4] Del. Supr. Ct. R. 8; *Del. Elec. Coop. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").

March 11, 2022 violation-of-probation sentencing order.[5]  In sum, the Superior Court did not abuse its discretion when it denied Garrison's motion for sentence modification.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] State's Mot. to Affirm, Exhibit C.