IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN A. MUHAMMAD, | § | |
| | § | No. 9, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2007003170 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: February 17, 2025
Decided: March 31, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, John A. Muhammad, filed this appeal from the Superior Court's denial of his motion for reduction or modification of his sentence. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Muhammad's opening brief that his appeal is without merit. We agree and affirm.

(2) A Superior Court jury found Muhammad guilty of five counts of second-degree unlawful sexual contact. On September 16, 2022, the Superior Court sentenced Muhammad to a total of fifteen years of imprisonment, suspended after

three years for decreasing levels of supervision. This Court affirmed on direct appeal.[1]

(3) In March 2024, Muhammad filed a motion and amended motion for sentence modification or reduction. He sought relief on the basis that he provided assistance to law enforcement in the spring of 2022—before Muhammad's sentencing in September 2022—that led to the October 2023 conviction of Tim Thomas for the murder of Andre Hickson. The Superior Court denied Muhammad's motion in June 2024, stating that the court had already considered Muhammad's cooperation when imposing his sentence. Muhammad filed an appeal, which was dismissed as untimely.[2]

(4) Muhammad then filed another motion for sentence reduction or modification, again seeking relief on the basis of his cooperation in the Thomas case. The Superior Court denied the motion, stating that it was repetitive and Muhammad's request had previously been denied on the merits. Muhammad has appealed to this Court.[3] He argues that the motion was not repetitive because his appeal from the denial of the previous motion was dismissed as untimely. He contends that his sentence should be modified because of his cooperation in the

---

[1] *Muhammad v. State*, 2023 WL 7154741 (Del. Oct. 31, 2023).

[2] *Muhammad v. State*, 2024 WL 3895324 (Del. Aug. 21, 2024).

[3] We note that Muhammad's postconviction counsel has filed a motion for postconviction relief asserting various claims of ineffective assistance of counsel; that motion is pending in the Superior Court.

Thomas case, which he provided despite the risk of retaliation. He requests that the Court relieve him from his remaining Level IV and Level III time.

(5) We review the Superior Court's denial of a motion for reduction or modification of a sentence for abuse of discretion.[4] The Superior Court may reduce the term or conditions of partial confinement or probation at any time,[5] but it will not consider repetitive requests for sentence reduction.[6] The Superior Court correctly determined that the motion was repetitive because it sought relief on the same grounds as the motion that was previously denied. Muhammad's failure to file a timely appeal from the denial of the first motion for modification or reduction did not make the second motion nonrepetitive. Moreover, the court determined in the exercise of its discretion that Muhammad's cooperation had already been considered and no reduction was warranted. We find no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[4] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).
[5] DEL. SUPER. CT. R. CRIM. PROC. 35(b).
[6] *Id.*; *Stanley v. State*, 2024 WL 358235, at *2 (Del. Jan. 30, 2024).