IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA B. GLADDEN, | § | |
| | § | No. 437, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1711001035 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 12, 2019
Decided: February 17, 2020

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Joshua B. Gladden, filed this appeal from the Superior Court's denial of his second motion for sentence modification. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Gladden's opening brief that his appeal is without merit. We agree and affirm.

(2)     In June 2018, Gladden pled guilty to Dangerous Crime Against a Child, Unlawful Sexual Contact First Degree, and three counts of Dealing in Child Pornography. The Superior Court sentenced Gladden as follows: (i) for Dangerous Crime Against a Child, fifty years of Level V incarceration, suspended after thirty

years and completion of the Transitions Program for decreasing levels of supervision; (ii) for Unlawful Sexual Contact, eight years of Level V incarceration, suspended after one year for two years of Level III probation; and (iii) for each count of Dealing in Child Pornography, twenty-five years of Level V incarceration, suspended after three years for two years of Level III probation. The sentencing order also provided that Gladden would not own or possess any electronic equipment with the ability to access the internet and would not have access to the internet through any digital device while incarcerated or on probation. Gladden did not file a direct appeal.

(3) In December 2018, Gladden filed a motion for sentence modification. He argued that his sentences should run concurrently because he lost the opportunity to see his youngest child grow up, he helped other inmates improve themselves, and he was trying to improve himself. The Superior Court denied the motion on the basis that the sentence was appropriate and that Gladden had not provided any additional information that would warrant a reduction or modification of the sentence. This Court affirmed the Superior Court's judgment.[1]

(4) On September 12, 2019, Gladden filed his second motion for sentence modification. He sought modification of the portions of his sentence relating to internet access because those conditions prevented or interfered with his ability to

---

[1] *Gladden v. State*, 2019 WL 1787849 (Del. Apr. 23, 2019).

access tablet applications available to other inmates that would aid his rehabilitation, exchange emails and do video visits with friends and family, pursue online classes, acquire a car or "smart house," obtain a job, use online banking, and do legal work in the law library. The Superior Court denied the motion on the grounds that it was repetitive, the sentence was appropriate for all of the reasons stated at sentencing, and that no information was provided to warrant modification of the sentence. This appeal followed.

(5) On appeal, Gladden focuses and expands upon his arguments that the internet-related portions of his sentence should be modified so he can access tablet applications to aid his rehabilitation, exchange emails with family, friends, and potential employers, pursue online classes, and use computers in the prison law library.[2] We review the Superior Court's denial of a motion for sentence modification for abuse of discretion.[3] Under Rule 35(b), a motion for reduction of a sentence of imprisonment must be filed within ninety days of sentencing absent a showing of "extraordinary circumstances."[4] Rule 35(b) also provides that the

---

[2] Gladden does not raise the other claims he raised in the Superior Court and has therefore waived those claims. Del. Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal.").

[3] *Benge v. State*, 101 A.3d 973, 977 (Del. 2014).

[4] Super. Ct. Crim. R. 35(b).

Superior Court may reduce the term or conditions of probation at any time.[5] The Superior Court will not consider repetitive motions for sentence reduction.[6]

(6) Gladden fails to cite any authority to support his position that he has a right to internet access while incarcerated. As to Gladden's claim that the internet restrictions mean he cannot use the computers in the prison law library (even though he also states that the computers are not connected to the internet), he admits that he has access to the law library and published case law. Gladden's typed and well-cited opening brief illustrates his access to the prison law library and contradicts his assertion that a lack of internet access deprives him of meaningful access to the courts. Finally, this was Gladden's second motion for sentence modification. The Superior Court did not abuse its discretion in denying Gladden's motion as repetitive and for a lack of additional information meriting sentence modification.[7]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[5] *Id.*

[6] *Id.*

[7] *See, e.g., State v. Culp*, 152 A.3d 141, 144 (Del. 2016) ("A motion is 'repetitive' as that term is used in Rule 35(b) when it is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."); *Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011) (affirming the Superior Court's denial of second motion for sentence modification on the basis that the motion was repetitive and failed to provide additional information meriting sentence modification).