IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WAYNE O'NEAL, | § | |
| | § | No. 506, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1806003326 (S) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 7, 2020
Decided: April 17, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

**<u>ORDER</u>**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Wayne O'Neal, appeals the Superior Court's October 28, 2019 order denying his motion for sentence review. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of O'Neal's opening brief that his appeal is without merit. We agree and affirm.

(2)    The record reflects that O'Neal pled guilty in August 2018 to one count of driving under the influence ("DUI") and one count of driving with a suspended or revoked license. The DUI was O'Neal's fifth DUI conviction. The Superior

Court immediately sentenced O'Neal on the DUI charge to five years of Level V incarceration, suspended after two years and the successful completion of the Key Program for decreasing levels of supervision. The Superior Court imposed a $500.00 fine for the charge of driving with a suspended or revoked license. O'Neal's direct appeal was dismissed as untimely under Supreme Court Rule 29(b).[1]

(3) O'Neal filed a motion for sentence modification on December 17, 2018, and he filed a motion for postconviction relief on January 14, 2019. The Superior Court denied O'Neal's motion for sentence modification on February 6, 2019. On August 30, 2019, the Superior Court summarily dismissed O'Neal's motion for postconviction relief.

(4) On October 7, 2019, O'Neal filed a motion for review of sentence. Citing 11 *Del. C.* § 4221 and 16 *Del. C.* § 2214, O'Neal asked the Superior Court to modify his sentence to suspend both the remainder of his Level V sentence following his completion of the Key Program and the Level IV portion of his sentence. In support of his motion, O'Neal averred that the Department of Correction ("DOC") was providing him with substandard medical care in violation of 11 *Del. C.* § 6536 and submitted DOC sick call logs as well as records related to medical grievance

---

[1] *O'Neal v. State*, 2018 WL 6068726 (Del. Nov. 19, 2018).

proceedings.[2] O'Neal supplemented his presentation to the court in a letter docketed October 23, 2019, further detailing what he described as inadequate medical care. The Superior Court considered O'Neal's filings as a motion for modification of sentence under Superior Court Criminal Rule 35(b) ("Rule 35(b)")[3] and denied it, finding that (i) the sentence was imposed as the result of a voluntary plea agreement, (ii) the sentence remained reasonable and appropriate, and (iii) extraordinary circumstances did not exist to warrant granting the untimely motion for modification. This appeal followed.

(5) Rule 35(b) provides that a court may reduce a sentence of imprisonment on a motion made within ninety days of sentencing.[4] A court may consider a motion for reduction of sentence made more than ninety days after the imposition of a sentence in "extraordinary circumstances" or under 11 *Del. C.* § 4217.[5] We review

---

[2] The bulk of O'Neal's claim of inadequate medical care relates to a shoulder injury. However, the records submitted to the court reflect that O'Neal suffered from other ailments, as well.

[3] On page 9 of his motion filed in the Superior Court, O'Neal alleged that he was not filing the motion for review under Rule 35(b) or Superior Court Criminal Rule 61. However, because O'Neal specifically requested a sentence reduction and relied on *State v. DeRoche*, 2003 WL 22293654 (Del. Super. Ct. Aug. 29, 2003)—a Superior Court case where the court considered the defendant's claim that DOC was providing him with inadequate medical care in the context of a Rule 35(b) motion—we conclude that the Superior Court properly considered O'Neal's motion as a motion filed under Rule 35(b). Moreover, neither statute cited by O'Neal is applicable to his case: 11 *Del. C.* § 4221 permits the court to modify a sentence of one year of imprisonment or less under specified circumstances, and 16 *Del. C.* § 2214 governs the hearing process for a petition that seeks to involuntarily commit a person for substance abuse treatment.

[4] Del. Super. Ct. Crim. R. 35(b).

[5] *Id.*

3

the Superior Court's denial of a motion to modify a sentence for abuse of discretion.[6] This standard is highly deferential.[7]

(6) On appeal, O'Neal does not challenge the basis of the Superior Court's decision. Rather, he asks this Court to modify his sentence and suspend the remainder of his Level IV sentence because he would like to seek medical care for his shoulder injury.[8]

(7) Under Rule 35(b), O'Neal's motion for sentence modification was untimely. O'Neal did not establish extraordinary circumstances to overcome the ninety-day procedural time bar. While the medical and prison records submitted by O'Neal reflect that he suffered a shoulder injury, desires diagnostic testing, and believes he needs surgery,[9] O'Neal has neither pursued relief under 11 *Del. C.* § 4217 nor shown that DOC is failing to treat his injury in a medically-appropriate manner. Under these circumstances, the Superior Court did not err in denying O'Neal's untimely motion for sentence modification.[10]

---

[6] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

[7] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).

[8] In an exhibit to his opening brief, O'Neal raises claims of error related to the Superior Court's denial of his motion for postconviction relief. Those claims are not properly before the Court at this time.

[9] The records included in O'Neal's appendix dated after October 29, 2019 were not presented to the Superior Court in the first instance and will not be considered on appeal. *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenant of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").

[10] *See, e.g., Holmes v. State*, 2015 WL 667522, at *1 (Del. Feb. 12, 2015) (affirming the denial of a motion for sentence modification filed by a defendant who was suffering from

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

cancer in the absence of certification under 11 *Del. C.* § 4217); *Briddell v. State*, 2013 WL 6212228, at *1 (Del. Nov. 26, 2013) ("In the absence of an application by the Department of Correction [under 11 *Del. C.* § 4217], Briddell cannot expect a sentence modification under Rule 35(b) based on a serious medical condition."). Further, O'Neal's reliance on *DeRoche*, 2003 WL 22293654, is misplaced: in that case (i) there was no indication that the defendant had filed a previous motion for sentence modification, and (ii) the court had before it a well-documented record of inadequate medical care.