IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAMONT MCCOVE, | § | |
| | § | No. 179, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1811017335 (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 16, 2020
Decided: September 3, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## **O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)　Lamont McCove appeals the Superior Court's May 1, 2020 order denying his motion to suspend his sentence. We find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

(2)　By way of two separate indictments, the State charged McCove with more than 40 drug-related offenses arising from a large-scale undercover investigation involving several law enforcement agencies and multiple defendants. On September 17, 2019, McCove entered guilty pleas to resolve both cases. Specifically, McCove pleaded guilty to one charge of racketeering to resolve

Criminal ID No. 1811017335 and to one count of drug dealing and two counts of second degree conspiracy to resolve Criminal ID No. 1809014305. Under the negotiated plea agreement, the State dismissed the remaining 42 charges against McCove, and McCove agreed to testify truthfully at his co-defendants' trials. The Superior Court immediately sentenced McCove in accordance with the plea agreement to an aggregate of 39 years, suspended after five years of Level V incarceration and completion of the Key Program followed by one year of Level III probation. McCove did not appeal his convictions or sentence.

(3) On December 16, 2019, McCove filed a motion for sentence modification under Superior Court Criminal Rule 35(b) ("Rule 35(b)"). The Superior Court denied the motion, finding that the sentence was imposed pursuant to a plea agreement and that the sentence remained appropriate for the reasons stated at sentencing. McCove did not appeal.

(4) On March 24, 2020, McCove filed a motion to suspend his sentence under 11 *Del. C.* § 4220. In support of his motion, McCove claimed that his life was in immediate danger because counsel for his co-defendant, Ricardo Castro, had allegedly leaked to the public a copy of his videotaped interview with law enforcement, an interview in which McCove implicated Castro. McCove asked the court to suspend the remainder of the Level V portion of his sentence and release him into a witness-protection program. On May 1, 2020, the Superior Court denied

the motion to suspend McCove's sentence. The Superior Court noted that only the State can seek the suspension of a defendant's sentence under 11 *Del. C.* § 4220. The Superior Court also considered McCove's motion as a motion for sentence modification filed under Rule 35(b) and denied it, finding that (i) the sentence was imposed pursuant to a plea agreement and (ii) the motion was untimely filed because it was filed more than 90 days after McCove was sentenced and no extraordinary circumstances existed to excuse the time bar. This appeal followed.

(5) In his opening brief on appeal, McCove argues that: (i) the Superior Court had an obligation to inquire into the propriety of McCove's motion under 11 *Del. C.* § 4220(a); (ii) the Superior Court improperly denied his Rule 35(b) motion by using a standard preprinted form; (iii) the State had a duty under the Delaware Rules of Professional Conduct to notify the court that it suspected that Castro's counsel had leaked McCove's statement to the public; (iv) another co-defendant's early release from prison creates a "strong appearance of impropriety;" and (v) this Court should review his claims that both Castro's counsel and the prosecution engaged in professional misconduct *de novo*. McCove's arguments are unavailing.

(6) As a preliminary matter, the Superior Court was correct: the plain language of 11 *Del. C.* § 4220(a) provides that only the State may ask the sentencing court to suspend the sentence of a person who provides substantial assistance in the

3

criminal prosecution of another person.[1] "There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35(b), [by which a defendant may seek] to reduce or modify a sentence."[2]

(7) To the extent the Superior Court considered McCove's motion to be a request for sentence modification under Rule 35(b), we review the Superior Court's denial of a Rule 35(b) motion for abuse of discretion.[3] Rule 35(b) provides that a motion for sentence modification filed after 90 days will only be considered in extraordinary circumstances or under 11 *Del. C.* § 4217.[4] "In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of imposition of a sentence."[5]

(8) The record reflects that, upon receipt of McCove's motion for suspension of sentence, the Superior Court directed the State to address the allegations contained in the motion. The State responded, objecting to any modification of McCove's sentence. The prosecutor informed the court that, upon

---

[1] 11 *Del. C.* § 4220(a) ("The Attorney General may move the sentencing court to modify, reduce or suspend the sentence of any person who is convicted of any crime or offense specified in this Code, and who provides substantial assistance in the identification, arrest or prosecution of any other person for a crime or offense specified in this Code, in the laws of the United States, or any other state or territory of the United States.").

[2] *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003).

[3] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).

[4] Super. Ct. Crim. R. 35(b).

[5] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotation marks and citations omitted).

notice of the issues raised by McCove's motion, he had personally contacted Castro's counsel as well as the Delaware State Police and determined that there was no evidence that Castro's attorney had been involved in the dissemination of McCove's statement to the public. The prosecutor also observed that: (i) McCove's sentence had been negotiated between the State and defense counsel; (ii) McCove had received a significant benefit from the plea agreement in that he received a substantially reduced period of Level V incarceration; (iii) the information contained in McCove's statement had become public knowledge when McCove testified against Castro at trial; and (iv) McCove had been transferred, at his request, to a different correctional facility.

(9) Under the circumstances, we cannot conclude that the Superior Court abused its discretion in denying McCove's motion for sentence modification. First, the preprinted order issued by the Superior Court in this case adequately set forth the Court's reasons for denying McCove's motion. Second, we agree with the Superior Court that extraordinary circumstances did not exist to excuse McCove's untimely motion. We are satisfied that the Superior Court gave sufficient consideration to McCove's allegations of professional misconduct where, as here, McCove had already filed a complaint—a copy of which McCove attached to his motion—against counsel with the Office of Disciplinary Counsel, and the court made its own, independent inquiry into the allegations and determined that they were

5

unsubstantiated. Finally, McCove's claim that his co-defendant has been illegally released from prison is not a reason to modify McCove's sentence.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice