IN THE SUPREME COURT OF THE STATE OF DELAWARE

DANIEL P. EVERETT,                    §
                                       §    No. 208, 2020
    Defendant Below,                 §
    Appellant,                       §
                                       §
    v.                               §    Court Below – Superior Court
                                       §    of the State of Delaware
STATE OF DELAWARE,                    §
                                       §    Cr. ID No. 1008009291 (S)
    Plaintiff Below,                 §
    Appellee.                        §

Submitted: July 20, 2020
Decided: September 25, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## **O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    Daniel Everett appeals the Superior Court's June 11, 2020 order denying his motion for sentence modification under Superior Court Criminal Rule 35(b) ("Rule 35(b)"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Everett's opening brief that his appeal is without merit. We agree and affirm.

(2)    The record reflects that Everett pled guilty in February 2011 to one count of second degree burglary and two counts of theft of a firearm. The Superior

Court immediately sentenced Everett to an aggregate of fourteen years of Level V incarceration, suspended after one year for two years of Level III probation. Everett did not appeal his convictions or sentence.

(3) In May 2014, Everett's probation officer filed a violation of probation ("VOP") report with the Superior Court. The report alleged that Everett had violated the terms of his probation by failing to report to probation, traveling out-of-state without permission, and admitting to drug use. The Superior Court held a VOP hearing on June 18, 2014, during which the State advised the court that Everett had incurred more than 80 new criminal charges after the VOP report had been filed. Everett acknowledged to the court that he had, in fact, been charged with additional criminal activity in Delaware after he absconded from probation. The Superior Court found that Everett had violated the terms of his probation and sentenced him as follows: for second degree burglary, to six years and eleven months, with no probation to follow; and for the two charges of theft of a firearm, to an aggregate of six years suspended after successful completion of the Key Program for decreasing levels of supervision. Everett did not appeal.

(4) Between 2014 and 2019, Everett filed three motions for sentence reduction or modification, all of which the Superior Court denied. On June 4, 2020, Everett filed a fourth motion for sentence modification. In his motion, Everett argued that his vocational, behavioral, and educational accomplishments earned

2

while incarcerated justified the modification of his sentence. On June 11, 2020, the Superior Court denied Everett's motion finding that Everett's sentence remained appropriate for all the reasons stated at sentencing and that no additional information had been provided to the court to warrant a reduction or modification of the sentence. This appeal followed.

(5) We review the Superior Court's denial of a Rule 35(b) motion for abuse of discretion.[1] Rule 35(b) provides that a motion for sentence modification filed after ninety days will only be considered in extraordinary circumstances or under 11 *Del. C.* § 4217.[2] "In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of imposition of a sentence."[3]

(6) On appeal, Everett argues that (i) his rehabilitation efforts justify the modification of his sentence and (ii) his counsel at the June 18, 2014 VOP hearing was ineffective for failing to know of—or object to evidence of—Everett's new criminal charges. Everett's arguments are unavailing.

---

[1] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).
[2] Super. Ct. Crim. R. 35(b).
[3] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotation marks and citations omitted).

(7)    As a preliminary matter, because Everett did not raise his claim of ineffective assistance of counsel below, we will not entertain it on appeal.[4] Moreover, we cannot conclude that the Superior Court abused its discretion in denying Everett's untimely and repetitive motion for sentence modification under the circumstances presented here.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[4] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."); *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenant of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").