IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HECTOR HERNANDEZ-VARGAS, | § | No. 191, 2020 |
| | § | |
| Defendant Below, Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1805010814 (K) |
| | § | |
| Plaintiff Below, Appellee. | § | |

Submitted: July 28, 2020
Decided: October 7, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## **O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    Hector Hernandez-Vargas appeals the Superior Court's May 14, 2020 order denying his motion for sentence modification under Superior Court Criminal Rule 35(b) ("Rule 35(b)").  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Hernandez-Vargas's opening brief that his appeal is without merit.  We agree and affirm.

(2)    The record reflects that Hernandez-Vargas pled guilty in January 2019 to one count of sexual abuse of a child by a person in a position of trust and one

count of third degree rape. In exchange for his guilty plea, the State entered a *nolle prosequi* on four other charges stemming from Hernandez-Vargas's alleged sexual abuse of the same victim. The Superior Court immediately sentenced Hernandez-Vargas—in accordance with the plea agreement—to an aggregate of fifty years of Level V incarceration, suspended after eight years for two years of Level III probation. Hernandez-Vargas did not appeal his convictions or sentence.

(3) On April 27, 2020, Hernandez-Vargas filed a motion for sentence modification. Hernandez-Vargas asked the Superior Court to amend his sentence to allow the terms of incarceration to run concurrently. In support of his motion, Hernandez-Vargas pointed to the Level V time he had already served, his lack of criminal history, and the dangers posed to the prison population by the disease caused by the coronavirus, COVID-19. On May 14, 2020, the Superior Court denied the motion, finding that: (i) the sentence was imposed under a plea agreement negotiated by the parties, (ii) the sentence remained appropriate for the reasons stated at sentencing, and (iii) concurrent sentencing was not permitted by 11 *Del. C.* § 3901(d).[1] This appeal followed.

---

[1] 11 *Del. C.* § 3901(d) (prohibiting concurrent sentencing for certain crimes, including sexual abuse of a child by a person in a position of trust).

(4) We review the Superior Court's denial of a Rule 35(b) motion for abuse of discretion.[2] Rule 35(b) provides that a motion for sentence modification filed after ninety days will only be considered in extraordinary circumstances or under 11 *Del. C.* § 4217.[3] "In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of imposition of a sentence."[4]

(5) On appeal, Hernandez-Vargas alleges for the first time that he did not understand that he would serve eight years under the plea agreement because trial counsel misled him and that his plea is therefore "null and void." Hernandez-Vargas also argues that he is a "low-risk offender" who should be released in light of the dangers of COVID-19 to the overall prison population.[5] Hernandez-Vargas's arguments are unavailing.

(6) First, because Hernandez-Vargas did not raise his claim of ineffective assistance of counsel below, we will not entertain it on appeal.[6] To the extent

---

[2] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).
[3] Super. Ct. Crim. R. 35(b).
[4] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotation marks and citations omitted).
[5] In his opening brief, Hernandez-Vargas renews his previously-denied request that the Court appoint counsel to assist him with his appeal. Because the standard of review for the Superior Court's denial of a Rule 35(b) motion is well-established, and we are able to understand the arguments Hernandez-Vargas makes on appeal, we decline to exercise our discretion to appoint counsel in this case.
[6] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider

3

Hernandez-Vargas seeks to withdraw his guilty plea, he may attempt to do so by filing a motion for postconviction relief under Superior Court Criminal Rule 61.[7] Second, we conclude that the decision of whether the early release of low-risk offenders would lessen the dangers posed by COVID-19 to the general prison population is best left to the discretion of the Department of Corrections, which may move for the modification of any prisoner's sentence for good cause under 11 *Del. C.* § 4217.[8] Accordingly, we conclude that the Superior Court did not abuse its discretion in denying Hernandez-Vargas's untimely motion for sentence modification.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

and determine any question not so presented."); *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenant of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").

[7] Del. Super. Ct. Crim. R. 32(d) ("If a motion for withdrawal of a plea of guilty or nolo contendere is made before imposition or suspension of sentence or disposition without entry of a judgment of conviction, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only by motion under Rule 61.").

[8] 11 *Del. C.* § 4217(c) ("Good cause under this section shall include, but not be limited to, rehabilitation of the offender, serious medical illness or infirmity of the offender and prison overcrowding.").