IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHERWOOD BELFIELD, | § | |
| | § | No. 252, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1810000958A (S) |
| Plaintiff Below, | § | 1810000958B (S) |
| Appellee. | § | |

Submitted: September 24, 2020
Decided: October 16, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)     Sherwood Belfield appeals the Superior Court's July 9, 2020 order denying his motion for sentence modification under Superior Court Criminal Rule 35(b) ("Rule 35(b)").  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Belfield's opening brief that his appeal is without merit.  We agree and affirm.

(2)     The record reflects that, on January 24, 2020, Belfield resolved two cases arising out of the same arrest and pleaded guilty to drug dealing and possession of ammunition by a person prohibited ("PABPP").  The Superior Court immediately

sentenced Belfield in accordance with the plea agreement as follows: for drug dealing, to fifteen years of Level V incarceration, suspended after five years for eighteen months of Level III probation; and for PABPP, to eight years of Level V incarceration, suspended after one year of Level IV Home Confinement for eighteen months of Level III probation. Belfield did not appeal his convictions or sentence.

(3) On April 16, 2020, Belfield filed a motion for modification of sentence under Rule 35(b), which the Superior Court denied. Belfield did not appeal. Instead, Belfield enlisted the assistance of counsel and filed another motion for sentence modification on July 8, 2020. In support of his motion, Belfield alleged, among other things, that (i) he suffers from various health conditions that put him at risk for slow recovery if he were to contact COVID-19; and (ii) prior to his incarceration, he cared for his mother, who is also in poor health. Belfield submitted medical documentation to support his claims. The Superior Court denied Belfield's untimely Rule 35(b) motion, finding that (i) the sentence was imposed under a plea agreement negotiated by the parties; (ii) prior to imposing the sentence, the Superior Court had taken into consideration the nature of the offenses and Belfield's criminal history; (iii) the sentence remained reasonable and appropriate; and (iv) no additional information had been provided to the court to warrant a reduction or modification of sentence. This appeal followed.

(4)    We review the Superior Court's denial of a Rule 35(b) motion for abuse of discretion.[1]  Rule 35(b) provides that a motion for sentence modification filed after ninety days will only be considered in extraordinary circumstances or under 11 *Del. C.* § 4217.[2]  "In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of imposition of a sentence."[3]  Rule 35 prohibits the Superior Court from considering repetitive motions for sentence modification.[4]

(5)    On appeal, Belfield argues that trial counsel was ineffective, his sentence is disproportionately severe, and the seriousness of his health problems warranted sentence reduction.  Belfield also maintains for the first time that he is now recovering from COVID-19 and has not been given adequate medical care as required by 11 *Del. C.* § 6536.[5]

(6)    As a preliminary matter, because Belfield did not raise his claims of ineffective assistance of counsel, disproportionate sentencing, or inadequate medical

---

[1] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).

[2] Super. Ct. Crim. R. 35(b).

[3] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotation marks and citations omitted).

[4] *Id.* at 144 ("A motion is 'repetitive' as that term is used in Rule 35(b) when it is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments.  Rule 35(b) does not set forth any exception to the repetitive motion bar.") (citing Rule 35(b)).

[5] After filing this appeal, Belfield filed another Rule 35(b) motion in the Superior Court arguing that his sentence should be modified because he had tested positive for COVID-19.

care below, we will not entertain them on appeal.[6] While we are sympathetic to the concerns Belfield has in light of his medical conditions, we conclude that the decision of whether his conditions warrant early release is best left to the Department of Correction, which may move for the modification of any prisoner's sentence for good cause—including serious medical illness or infirmity—under 11 *Del. C.* § 4217. Under the circumstances presented here, we cannot conclude that the Superior Court abused its discretion in denying Belfield's untimely and repetitive motion for sentence modification.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."); *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenant of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").