IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDWIN ANDREWS, | § | |
| | § | No. 289, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1407000163 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: April 22, 2021
Decided: June 11, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## O R D E R

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) Edwin Andrews appeals the Superior Court's August 25, 2020 order denying his motion for sentence modification. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Andrews' opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Andrews pleaded guilty in January 2015 to two counts of second-degree robbery and one count of possession of a deadly weapon during the commission of a felony. Following a presentence investigation, the

Superior Court sentenced Andrews to an aggregate of fifteen years of Level V incarceration, suspended after twelve years for six months of Level IV supervision. Andrews did not appeal his convictions or sentence.

(3)     On July 27, 2020, Andrews filed a motion for sentence modification under Superior Court Criminal Rule 35(b).  On August 25, 2020, the Superior Court denied the motion, finding that Andrews' sentence remained appropriate for the reasons stated at sentencing and that no additional information had been provided to the court to warrant its reduction or modification.  This appeal followed.

(4)     We review the Superior Court's denial of a Rule 35(b) motion for abuse of discretion.[1]  Rule 35(b) provides that a motion for sentence modification filed after ninety days will only be considered in extraordinary circumstances or under 11 *Del. C.* § 4217.[2]  "In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of imposition of a sentence."[3]

(5)     On appeal, Andrews argues, as he did below, that his numerous medical issues leave him unusually susceptible to the dangers posed by COVID-19.

---

[1] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).
[2] Super. Ct. Crim. R. 35(b).
[3] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotation marks and citation omitted).

Andrews also claims for the first time on appeal that this increased risk implicates the Eighth Amendment. Andrews' arguments are unavailing.

(6) First, we have previously determined that the question of whether the early release of any particular prisoner is warranted in light of the dangers posed by COVID-19 is best left to the discretion of the Department of Corrections, which may move for the modification of any offender's sentence for good cause—including the offender's medical illness or infirmity—under 11 *Del. C.* § 4217.[4] And Andrews' reliance on the United States Supreme Court case *Helling v. McKinney*[5] to support his Eighth Amendment claim is misplaced. In *Helling*, the United States Supreme Court considered whether prison officials could face civil liability for placing a prisoner in a situation that poses an unreasonable risk of serious damage to his future health; the case does not relate to or address the reduction or modification of a prisoner's sentence. Accordingly, we conclude that the Superior Court did not abuse its discretion in denying Andrews' untimely motion for sentence modification.

---

[4] *Johnson v. State*, 2020 WL 5626231, at *2 (Del. Sept. 18, 2020) (recognizing that Section 4217 is the statutory vehicle available to a defendant seeking sentence modification for medical reasons).

[5] 509 U.S. 25 (1993).

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice