IN THE SUPREME COURT OF THE STATE OF DELAWARE

WILLIAM F. BURRIS, §
§
   Defendant Below, § No. 141, 2021
   Appellant, §
§ Court Below—Superior Court
   v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 92K01637DI
§
   Plaintiff Below, §
   Appellee. §
§

Submitted: May 17, 2021
Decided: June 23, 2021

Before **SEITZ,** Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## O R D E R

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, William F. Burris, appeals from the Superior Court's denial of his motion for correction of sentence. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Burris's opening brief that the appeal is without merit. We agree and affirm.

(2) In 1992, Burris pled guilty to one count of first-degree unlawful sexual intercourse, one count of second-degree unlawful sexual intercourse, and two counts of sexual exploitation of a child. These convictions required that Burris serve a

cumulative minimum-mandatory sentence of twenty-nine years. Following a presentence investigation, the Superior Court sentenced Burris to a total of forty-two unsuspended years of Level V incarceration, followed by decreasing levels of supervision. The sentences were to be served consecutively to a sentence he was then serving in Maryland. In 1993, the Superior Court entered a modified sentencing order that reduced Burris's period of Level V incarceration and sentenced Burris as follows: for first-degree unlawful sexual intercourse, to fifteen minimum-mandatory years of incarceration; for second-degree unlawful sexual intercourse, to ten minimum-mandatory years of incarceration; for the first count of sexual exploitation of a child, to three years of incarceration, the first two years of which are minimum-mandatory; for the second count of sexual exploitation of a child, to five years of incarceration, suspended after two minimum-mandatory years for decreasing levels of supervision.

(3) Burris has filed multiple motions for correction or modification of his sentence, which the Superior Court has denied. On April 12, 2021, he filed a motion for correction of sentence under Superior Court Criminal Rule 35(a) in which he argued that the Department of Correction had awarded him only 364 days of good-time credit when he was entitled to more than 900 days of good-time credit. The Superior Court denied the motion, and Burris has appealed.

(4)    After careful consideration, we have concluded that the denial of Burris's motion should be affirmed.  This Court has held that a writ of mandamus in the Superior Court, and not a motion under Rule 35(a), is the proper procedural vehicle to challenge the Department of Correction's calculation or application of good-time credit.[1]  Moreover, in 2020 Burris filed a petition for mandamus asserting the same claim relating to his good-time credit, and this Court affirmed the Superior Court's dismissal of the petition.[2]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[1] *Walls v. State*, 2010 WL 5393996 (Del. Dec. 28, 2010).  *See also Benge v. State*, 101 A.3d 973, 979 & n.13 (Del. 2014) (collecting cases).
[2] *Burris v. Superior Court*, 2020 WL 7365811 (Del. Super. Ct. Dec. 15, 2020), *aff'd*, 2021 WL 795196 (Del. Feb. 16, 2021).