IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DUANE L. ROLLINS, | § | |
| | § | |
| Defendant Below, | § | No. 401, 2021 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1212010904 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 23, 2021
Decided: January 14, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices

# **O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, the Court concludes that:

(1) The appellant, Duane L. Rollins, filed this appeal from the Superior Court's denial of his motion for correction or modification of sentence. The State has moved to affirm the judgment below on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2) Rollins pleaded guilty to two counts of strangulation under 11 *Del. C.* § 607. In exchange, the State agreed to dismiss multiple other charges against Rollins and that it would seek habitual-offender sentencing on one of the counts of strangulation but not the other. In January 2015, the Superior Court sentenced

Rollins as follows: for one count of strangulation, under the habitual-offender statute,[1] to ten years of incarceration, and for the other count of strangulation, to five years of incarceration, suspended after two years for decreasing levels of supervision. This Court affirmed on appeal.[2]

(3) On August 25, 2021, Rollins filed a letter in the Superior Court in which he asked for immediate release, arguing that his sentence is illegal and that the Department of Correction had improperly denied his request for sentence modification under 11 *Del. C.* § 4217. The Superior Court treated the letter as a motion for sentence modification or reduction under Superior Court Criminal Rule 35(b) and denied the motion on November 3, 2021. Rollins has appealed to this Court.

(4) On appeal, Rollins argues that strangulation was not a violent felony under Title 11 at the time that he was convicted, so he was not subject to habitual-offender sentencing under 11 *Del. C.* § 4214(a). He therefore contends that the Superior Court abused its discretion by denying him relief under Section 4217.

(5) This Court has previously rejected the argument that Rollins was not subject to habitual-offender sentencing because strangulation was not listed as a

---

[1] 11 *Del. C.* § 4214(a).
[2] *Rollins v. State*, 2015 WL 5032041 (Del. Aug. 25, 2015). *See also Rollins v. State*, 2018 WL 5044333 (Del. Oct. 16, 2018) (affirming denial of motion for postconviction relief).

violent felony in 11 *Del. C.* § 4201(c).[3] The Superior Court therefore did not abuse its discretion by considering the motion under Superior Court Criminal Rule 35(b) and denying it as untimely.[4]

(6)     Moreover, the Superior Court did not err by denying Rollins's request for relief under Section 4217. Section 4217 provides for a modification of sentence "solely on the basis of an application filed by the Department of Correction."[5] The Department of Correction was not to required to apply for modification of Rollins's sentence under Section 4217.[6]

---

[3] *See Rollins*, 2015 WL 5032041, at *4 ("To the extent Rollins is arguing that he could not be declared a habitual offender because Strangulation is not a violent felony under Section 4201(c), he is incorrect. The fact that Strangulation was not a violent felony under Section 4201(c) meant that the Superior Court was not required to impose a minimum mandatory Level V sentence of five years for the second count of Strangulation under Section 4214(a), not that Rollins was ineligible for habitual offender status.").

[4] *See* DEL. SUPER. CT. CRIM. R. 35(b) (providing that the court will consider a motion for modification or reduction of sentence "made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 Del. C. § 4217"). *See also Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014) (stating that this Court reviews the Superior Court's denial of a motion for reduction of sentence under Rule 35(b) for abuse of discretion).

[5] 11 *Del. C.* § 4217(b).

[6] *See Patton v. State*, 2021 WL 4936949, at *2 (Del. Oct. 21, 2021) ("As the Superior Court recognized, DOC is not required to apply for modification of Patton's (or any other inmate's) sentence under § 4217."); *King v. State*, 2015 WL 317128, at *2 (Del. Jan. 23, 2015) ("It is within the discretion of the Department of Correction to apply for modification of an inmate's sentence under Section 4217.").

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice