IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEVANTE WISHER, | § | |
| | § | No. 343, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Crim. ID Nos. 1907010092 (N) |
| Plaintiff Below, | § | 1907015856 (N) |
| Appellee. | § | |

Submitted: December 30, 2021
Decided: March 8, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Devante Wisher, appeals the Superior Court's denial of his motion for modification of sentence.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Wisher's opening brief that his appeal is without merit.  We agree and affirm.

(2)     On December 17, 2020, Wisher resolved two sets of criminal charges by pleading guilty to one count of first-degree assault, one count of possession of a firearm during the commission of a felony ("PFDCF"), and one count of attempted carjacking.  In exchange for his plea, the State dismissed the remaining charges in

the indictments and agreed to cap its sentencing recommendation at ten years of unsuspended Level V incarceration. Following a presentence investigation, the Superior Court sentenced Wisher as follows: for first-degree assault, to twenty-five years of Level V incarceration, suspended after four years for decreasing levels of supervision; for PFDCF, to three years of Level V incarceration; and for attempted carjacking, to five years of Level V incarceration, suspended after two years for two years of Level III probation. Wisher did not appeal his convictions or sentence.

(3)  On June 17, 2021, Wisher filed a timely motion for sentence modification under Superior Court Criminal Rule 35(b). Wisher asked the court to modify his sentence by reducing his sentence for first-degree assault from four years to two years and including a requirement that Wisher complete the Road-to-Recovery program. On September 29, 2021, the Superior Court denied Wisher's motion, finding that the court had given due consideration to Wisher's age, upbringing, and family circumstances at the time of sentencing and that Wisher's motion did not present any additional information that had not been previously considered by the court when it fashioned his sentence. This appeal followed.

(4)  On appeal, Wisher argues that the Superior Court erred when it denied his motion for sentence modification because he can complete the special treatment and educational programming available to him while he is incarcerated within seven, as opposed to nine, years. We find no merit to Wisher's argument.

2

(5)    We review the Superior Court's denial of a Rule 35(b) motion for abuse of discretion.[1]  Under this "highly deferential" standard, the test is whether "the trial court acted within a zone of reasonableness or stayed within a range of choice."[2]  We find no abuse of discretion here.  The Superior Court carefully considered the merits of Wisher's motion and concluded that it remained satisfied with Wisher's sentence (an aggregate of nine years of unsuspended Level V incarceration, notably one year less of unsuspended Level V incarceration than the State sought under the plea agreement).  And, as the Superior Court observed, Wisher's sentence does not preclude him from participating in the Road-to-Recovery program.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).

[2] *Id*. at 977 (internal quotation marks and citation omitted).

3