IN THE SUPREME COURT OF THE STATE OF DELAWARE

SHIRLEY SMITH, § 
§ No. 381, 2022
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1404012579 (K)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: December 28, 2022
Decided: January 27, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Shirley Smith, filed this appeal from the Superior Court's denial of her motion for sentence modification.  The State has moved to affirm the judgment below on the ground that it is manifest on the face of Smith's opening brief that her appeal is without merit.  We agree and affirm.

(2)    In 2014, Smith pleaded guilty to home invasion, first-degree assault, possession of a deadly weapon during commission of a felony, and second-degree conspiracy.  After a presentence investigation, the Superior Court sentenced Smith to a total of fifty-four years of incarceration, suspended after twenty-two years for

decreasing levels of supervision. Smith did not file a direct appeal, but she has filed several motions for postconviction relief or for review or modification of sentence.

(3) On September 23, 2022, Smith filed a motion for sentence modification in which she asked the Superior Court to reduce her sentence to nine years of incarceration followed by one year of work release or home confinement. Smith based her motion on her successful completion of educational and rehabilitative programs while incarcerated and her relationship with her children. The Superior Court denied the motion because it was filed more than ninety days after the imposition of sentence and the court found no extraordinary circumstances to overcome the time bar set forth in Superior Court Rule of Criminal Procedure 35(b). Smith has appealed to this Court.

(4) We find no reversible error. We review the Superior Court's denial of a motion for modification of sentence under Rule 35(b) for abuse of discretion.[1] Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, unless the defendant demonstrates "extraordinary circumstances" or the Department of Correction files an application under 11 *Del. C.* § 4217.[2] Smith's motion was filed well beyond the ninety-day limit. On appeal, Smith argues that her counsel provided ineffective assistance and that her sentence

---

[1] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).
[2] DEL. SUPER. CT. R. CRIM. PROC. 35(b).

was disproportionate to her participation in the crimes at issue. She did not present those arguments to the Superior Court. This Court ordinarily does not consider arguments that are not presented to the trial court in the first instance, and we find it unnecessary to do so here.[3] The Superior Court did not abuse its discretion by denying the motion.[4]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[3] *See* DEL. SUPR. CT. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider any question not so presented."); *see also Belfield v. State*, 2020 WL 6156734, at *2 (Del. Oct. 16, 2020) ("As a preliminary matter, because Belfield did not raise his claims of ineffective assistance of counsel, disproportionate sentencing, or inadequate medical care below, we will not entertain them on appeal."); *Davis v. State*, 2016 WL 358965, at *2 (Del. Jan. 28, 2016) (stating that Rule 35 is not the "proper procedural vehicle" for an ineffective assistance of counsel claim).
[4] *McDougal v. State*, 2019 WL 2275002, at *2 (Del. Mar. 29, 2019).