# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | | |
|---|---|---|---|
| STATE OF DELAWARE, | ) | | |
| | ) | | |
| v. | ) | ID No. | 2112005461 |
| | ) | | |
| DERRICK BIVINGS, | ) | | |
| | ) | | |
| Defendant. | ) | | |

SUBMITTED:  JUNE 13, 2024

DECIDED:  SEPTEMBER 18, 2024

## **ORDER**

On this 18th day of September, 2024, upon consideration of Defendant Derrick Bivings's ("Defendant") *pro se* Motion for Sentence Modification (the "Motion") made pursuant to Superior Court Criminal Rule ("Rule") 35(b), the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.  On July 14, 2023, Defendant pled guilty to Criminally Negligent Homicide (Class D Felony) as to victim Deborah Sturek, Criminally Negligent Homicide (Class D Felony) as to victim Joseph Sturek, Driving on Right Side of the Roadway, Following a Motor Vehicle Too Closely, and Aggressive Driving.

2.  On September 26, 2023, the Court sentenced Defendant to: (1) Criminally Negligent Homicide as to victim Deborah Sturek, eight years of Level V supervision, suspended after two years for six years of Level IV supervision, suspended after six

months of Level IV for two years of Level III supervision; (2) Criminally Negligent Homicide as to victim Joseph Sturek, eight years of Level V supervision, suspended after one year for two years of Level III supervision; [1] (3) Driving on the Right Side of the Roadway, a fine in the amount of $75.00 plus all surcharges and fees; (4) Following a Motor Vehicle Too Closely, a fine in the amount of $75.00 plus all surcharges and fees; and (5) Aggressive Driving, a fine in the amount of $300.00 plus all surcharges and fees.[2]

3. On June 5, 2023, Defendant filed the instant Motion, in which he asks this Court to modify the Level IV portion of his sentence to one year of Level III supervision that runs concurrently with his existing two years of Level III supervision.[3]

4. Defendant seeks this modification to Level III supervision for several reasons. Defendant asserts that the Level IV sentence (1) prevents him from attending the aeronautical engineering program at Delaware Technical Community College, in which he is enrolled; (2) prevents him from receiving funding from the state to attend his classes; and (3) hinders his reentry into the community.[4] Defendant further asserts that he has made an effort to be rehabilitated while

---

[1] Defendant would serve the probation for two counts of criminally negligent homicide concurrently.
[2] D.I. 44 (Sentence Order).
[3] D.I. 47 (the Motion).
[4] *See id.*

incarcerated, completing several treatment programs, attaining a high school diploma, holding employment in food service, and maintaining positive conduct.[5] Thus, Defendant asserts that he is not in need of Level IV supervision.[6]

5.   When considering a motion for modification of sentence, this Court addresses any applicable procedural bars before turning to the merits.[7]  Defendant's motion to modify his Level IV partial confinement is not subject to the 90-day bar imposed by Rule 35.[8]  Defendant's motion is his first motion seeking modification of sentence, so it is not barred as a repetitive request.[9]  Hence, Defendant's Motion is not procedurally barred.

6.   Turning to the merits, the Court finds that the Level IV sentence imposed is an appropriate transition sentence that is integral to the Court's overall "sentencing scheme" or "plan."[10]  Although this Court applauds Defendant's effort to participate in educational and rehabilitative programs while incarcerated and his desire to

---

[5] *See id.*
[6] *See id.*
[7] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. 2015).
[8] *See Benge v. State*, 101 A.3d 973, 976 (Del. 2014); Super. Ct. Crim. R. 35(b) (providing that the court may reduce term or conditions of partial confinement or probation at any time).
[9] *See Gladden v. State*, 2020 WL 773290, at *2 (Del. Feb. 17, 2020) ("The Superior Court will not consider repetitive motions for sentence reduction.").
[10] *See State v. Redden*, 111 A.3d at 609.

further pursue higher education, it does not provide a valid basis to modify or amend his sentence.[11]

7. The Court concludes that Defendant's sentence is proper for all the reasons stated at the time of sentencing. Hence, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:    Derrick Bivings (SBI #00809297)

---

[11] _See State v. Weidow_, 2015 WL 1142583, at *2 (Del. Super. Mar. 11, 2015) ("However, remorse and positive behavior while incarcerated are not bas[es] to modify or reduce a sentence that was appropriate at the time of sentencing.").

4