IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TERRANCE STOKES, | § | |
| | § | No. 99, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1702003570 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: April 11, 2025
Decided: June 16, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Terrance Stokes, filed this appeal from the Superior Court's denial of a motion in which Stokes sought to modify the Level IV portion of his sentence to Level III. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Stokes's opening brief that the appeal is without merit. We agree and affirm.

(2) In Criminal Action No. 1702003570, Stokes pleaded guilty to second-degree robbery and second-degree conspiracy.[1] The Superior Court sentenced him as follows: for second-degree robbery, five years of imprisonment, suspended after four years for six months of Level IV work release or home confinement, followed by twelve months of Level III probation; for second-degree conspiracy, two years of imprisonment, suspended for twelve months of Level III probation.

(3) In addition to an unsuccessful motion for postconviction relief, Stokes has filed several unsuccessful motions for reduction or modification of sentence. In February 2025, he filed a motion seeking modification of the Level IV portion of his sentence to Level III so that he can request transfer of his probation supervision to California when he is released from Level V. The Superior Court denied the motion, stating that the court will not consider repetitive requests for sentence reduction or modification. Stokes has appealed to this Court.

(4) We review the Superior Court's denial of a motion for modification of sentence for abuse of discretion.[2] First, Stokes asserts, without additional information, that the Superior Court judge knows the victim in the case and should have recused himself. Stokes's motion in the Superior Court did not seek the judge's

---

[1] In some filings, Stokes has referred to the criminal action number of another case, in which he pleaded guilty to possession of a firearm by a person prohibited. The Level IV time that he seeks to modify was imposed in the robbery and conspiracy case, No. 1702003570.

[2] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).

2

recusal, nor has he provided any facts to suggest that recusal was warranted. We find no reversible error as to this issue.

(5) Second, Stokes argues that the court abused its discretion by denying the motion for modification because eliminating the Level IV portion of the sentence would advance Stokes's rehabilitative needs by allowing him to return to California to help family members who were impacted by wildfires. Rule 35(b) of the Superior Court Rules of Criminal Procedure provides that "[t]he court will not consider repetitive requests for reduction of sentence."[3] The rule "does not set forth any exception to the repetitive motion bar."[4] "'A motion is "repetitive" as that term is used in Rule 35(b) when it is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments.'"[5] Stokes has previously brought unsuccessful motions for reduction or modification of his sentence in this case. The Superior Court did not abuse its discretion by denying Stokes's motion as repetitive.[6]

---

[3] DEL. SUPER. CT. R. CRIM. PROC. 35(b).
[4] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[5] *Barrall v. State*, 2019 WL 1787310, at *1 (Del. Apr. 23, 2019) (quoting *Culp*, 152 A.3d at 144).
[6] *See id.* (affirming denial of motion seeking a reduction of the term of probation and modification of the conditions of probation, and stating that the motion was repetitive because the defendant had brought two previous motions for sentence modification).

3

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*

Justice